NUMBER 13-97-662-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 ___________________________________________________________________ 



TEXAS PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION , Appellant, 



v.

 

JAVIER DE LOS SANTOS, ET AL. , Appellees. 

___________________________________________________________________ 



On appeal from the 92nd District Court

of Hidalgo County, Texas.

 ___________________________________________________________________ 



O P I N I O N

Before Justices Dorsey, Hinojosa, and Castillo

Opinion by Justice Castillo

 

 Texas Property and Casualty Insurance Guaranty Association ("TPCIGA"), defendant in the underlying suit, appeals from
a jury verdict awarding damages to appellees, Javier and Tina De Los Santos ("the De Los Santoses"), for a property loss
claim. The trial court signed two judgments and a judgment nunc pro tunc. Appellant brings its appeal from the second
judgment. The appellees have filed a Motion to Dismiss Appeal in this Court and a cross-appeal complaining of the
judgment nunc pro tunc. We grant the motion to dismiss the appeal and dismiss both appeals for want of jurisdiction. 

 Relevant Facts and Procedural History

 This case involves a lawsuit filed on August 16, 1993 by the De Los Santoses who complained that International
Underwriters Insurance Company ("IUIC"), their insurance carrier, refused to pay for storm damage to their insured
building. The De Los Santoses later amended their petition to bring in TPCIGA as a party.(1) The trial court granted a
default judgment against IUIC but not TPCIGA. TPCIGA filed a motion to set aside the default judgment, a motion for
transfer of venue, and a motion for summary judgment. The trial court denied TPCIGA's motions. On April 10, 1997, a
jury returned a verdict awarding the De Los Santoses $100,000.00 in damages. Subsequently, the following transpired: 

April 21, 1997 TPCIGA filed a motion opposing the De Los Santoses' motion for judgment on the jury verdict. 



April 25, 1997 The trial court signed the final judgment ("the first judgment") tendered on behalf of the De Los Santoses. 



April 28, 1997 The trial court set TPCIGA's motion opposing the motion 

 for judgment for hearing on May 6, 1997. It was later reset 

 for May 21, 1997. 



May 21, 1997 A hearing was held on TPCIGA's motion, and the trial court requested submission of briefs. 



June 18, 1997 The trial court signed another final judgment ("the second judgment").(2) 



 July 18, 1997 TPCIGA filed a motion for new trial, which was overruled by operation of law without a hearing. 



 Sept.10, 1997 TPCIGA filed its notice of appeal. 



 May 29, 1998 TPCIGA filed its appellate brief. 



 July 21, 1998 The De Los Santoses filed a motion to dismiss the appeal for lack of jurisdiction in the appellate court. 



 August 3, 1998 The De Los Santoses filed their response brief on appeal, again addressing absence of jurisdiction. 



 August 5, 1998 TPCIGA filed a motion for judgment nunc pro tunc in the trial court, averring that the second judgment
was the actual final judgment. 



 August 7, 1998 A hearing was held on the motion for judgment nunc pro tunc in which the trial judge questioned
jurisdiction and remarked that, at the time of the signing of the second judgment, he had forgotten about the first judgment. 



 August 21, 1998 The trial court signed a judgment nunc pro tunc, which provided that the trial court sua sponte vacated
the first judgment on or about April 28, 1997, that the Clerk's entry concerning the record was a clerical error and should be
expunged, and that the second judgment should stand as the final judgment in the case. 



 Sept. 17, 1998 The De Los Santoses filed an appeal of the judgment nunc pro tunc (the cross-appeal) alleging that the trial
court lacked jurisdiction to enter the nunc pro tunc judgment. 



Jurisdiction



 The first issue we must address is that of our own jurisdiction to hear these appeals. The De Los Santoses argue that
neither TPCIGA's notice of appeal nor any other motion which might have extended the trial court's jurisdiction was filed
within the thirty day period following the entry of the April 25th judgment. They further argue that the trial court lost
plenary power over the case at the expiration of that period and that any actions taken subsequent to that are void. 

 TPCIGA claims that it did not receive notice of the first judgment. The record reflects no notice of appeal or motion for
new trial within thirty days of the April 25th judgment nor any sworn motion as provided by Tex. R. Civ. P. 306a(5).(3) 
TPCIGA asserts, however, that the first judgment was vacated sua sponte by the trial judge on or about April 28, 1997,
well within the period of its plenary power and thus the second judgment is the only extant judgment as confirmed by the
judgment nunc pro tunc. TPCIGA posits then that its motion for new trial and notice of appeal, filed within the appropriate
deadlines as calculated from the date of the second judgment, confer jurisdiction on this Court to hear the appeal. 

 The question of our jurisdiction to hear an appeal of this case then depends on the determination of which of the two
signed judgments is the valid one. There can only be one final judgment. Tex. R. Civ. P. 301. A judgment which settles all
the legal issues and rights between the parties is final and appealable. Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985). 
The April 25, 1997 judgment is a final judgment. The salient issue for our review, then, is whether the trial court did, in
fact,sua sponte vacate the April 25th judgment. If such judgment was vacated, then the June 18th judgment stands and we
have jurisdiction to hear the appeal. If it was not, then the April 25th judgment remains valid and we have no jurisdiction to
hear this case. A trial court retains plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment
within thirty days after the judgment is signed. Tex. R. Civ. P. 329b(d); First Alief Bank v. White, 682 S.W.2d 251, 252
(Tex. 1984). After the expiration of those thirty days, the trial court has no authority to set aside a judgment except by bill
of review as provided by law. Tex. R. Civ. P. 329b(d); Thursby v. Stovall, 647 S.W.2d 953, 954 (Tex. 1983). During the
time in which a court may vacate, set aside, modify or amend its previous order, such action must, to be effective, be
memorialized by written order that is express and specific. McCormack v. Guillot, 597 S.W.2d 345, 346 (Tex. 1980) (citing
as the correct rule, Poston Feed Mill Co. v. Leyva, 438 S.W.2d 366, 368 (Tex.Civ.App.-- Houston [14th Dist.] 1969, writ
dism'd w.o.j.)); In the Interest of Hamilton, 975 S.W.2d 758, 761 (Tex.App. - Corpus Christi 1998, pet. denied). A trial
judge's oral pronouncement vacating a judgment with a docket entry commemorating the same cannot substitute for the
written order required by Rule 329b. See Faulkner v. Culver, 851 S.W.2d 187, 188 (Tex. 1993) (citing Clark & Co. v.
Giles, 639 S.W.2d 449, 450 (Tex. 1982)). Nor does a ruling in open court suffice to vacate a judgment if it is not reduced
to writing within the statutory period. Ex Parte Olivares, 662 S.W.2d 594, 595 (Tex. 1983). A court must speak through its
written orders and we cannot presume an intent on the part of a court to vacate, set aside, modify or amend an order in the
absence of an express, specific and written order. In the Interest of Hamilton, 975 S.W.2d at 761. In the present case, it is
undisputed that the trial judge, whatever his intentions or actions were, did not enter a written order within thirty days of
the April 25thjudgment vacating the same. Whether the judge made an oral pronouncement in open court or merely decided
in chambers to vacate the judgment or even assumed that he was vacating the judgment by granting a hearing on the motion
opposing the entry of judgment is of no moment. Without a written order by the judge, expressly stating that he was
vacating the April 25, 1997 judgment, signed during the period of his plenary power, the judgment was not vacated. The
court lost its plenary power to vacate the judgment on May 25, 1997. The trial judge therefore had no jurisdiction to enter
the June 18, 1997 judgment some fifty-four days after the signing of the first judgment.State Ex. Rel. Latty v. Owens, 907
S.W.2d 484, 486 (Tex. 1995). Judicial action taken after the court's jurisdiction over a cause has expired is a nullity. Id. We
therefore find that the June 18, 1997 judgment is void and the April 25, 1997 judgment remains the trial court's judgment
in this case. Accordingly, we grant Appellees' motion to dismiss TPCIGA's appeal for want of jurisdiction. We likewise
dismiss the cross appeal as we have no jurisdiction over a void judgment. See Nabejas v. Texas Dep't of Public Safety, 972
S.W.2d 875, 876 (Tex. App.- Corpus Christi 1998, no pet.). The cross-appeal complains solely of the entry of the purported
judgment nunc pro tunc of August 21, 1998, whose stated purpose was to "correct" the "clerical error" of the entry of the
April 25, 1997 judgment and declare that the June 18, 1997 judgment "should stand as the Final Judgment." As we have
held that the trial court had no authority to enter the June 18th judgment, the "nunc pro tunc judgment" (4) of said judgment
is a nullity and likewise void. While there is no need to appeal a void judgment, it is well settled that where a party has
done so, the proper practice for a reviewing court is to set the judgment aside and dismiss the case. State Ex. Rel. Latty, 907
S.W.2d at 486; Dallas County Appraisal Dist. v. Funds Recovery, 887 S.W.2d 465 (Tex.App. - Dallas 1994, writ
denied)(citing Fulton v. Finch, 346 S.W.2d 823, 827 (Tex. 1961) and State ex rel. Kelly v. Baker, 580 S.W.2d 611, 612-13
(Tex. Civ. App.--Amarillo 1979, no writ)). We have already set aside the June 18, 1997 judgment. We likewise set aside
the judgment nunc pro tunc of August 21, 1998 and dismiss the cross-appeal for want of jurisdiction. 

ERRLINDA CASTILLO, 

Justice 



Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed this

the 8th day of February, 2001.

1. Texas Property and Casualty Insurance Guaranty Association is a nonprofit, unincorporated legal entity composed of
all member insurers, who must be members of the association as a condition of their authority to transact insurance in the
state of Texas. Tex. Ins. Code Ann. Art. 21.28-C, §6 (Vernon Supp. 2001). Under the provisions of the Texas Property and
Casualty Insurance Guaranty Act, TPCIGA stands in the place of a member insurer when such insurer is impaired, as
defined by the Act, to the extent of its obligations for covered policy claims unpaid by the impaired insurer, up to a limit of
$300,000.00 ($100,000.00 at the time of the present cause of action) for each individual non-worker's compensation claim.
Texas. Tex. Ins. Code Ann. Art.21.28-C, §§ 8 & 5 (Vernon Supp. 2001).

2. 

 [2]Aside from the date of the signing, the sole difference between the first and second judgments is that the former provides
for the payment of interest on the judgment beginning on the date of loss (September 16, 1991) while the latter provides for
the payment of interest from the date of the signing of the judgment. 

3. Tex. R. Civ. P. 306a(1) provides that the date a judgment is signed as shown of record shall determine the periods for
the court's plenary power to vacate, modify, correct or reform a judgment and for filing in the trial court the documents
necessary to effect those changes. Paragraph 3 of that same rule mandates the court clerk to send notice of the judgment to
the parties or their attorneys immediately. If a party has not received notice of the signing of a judgment within twenty
days of its signing, nor had actual knowledge thereof, the periods in paragraph 1 shall begin on the date the party or his
attorney received or acquired actual notice (upon proof in a hearing in the trial court on sworn motion and notice by the
party affected) but in no event shall such period begin more than 90 days after the date of the signing of the original
judgment. Tex. R. Civ. P. 306a(4)& (5). In the present case, TPCIGA filed no sworn motion and indeed now asserts it did
not receive notice of the April 25, 1997 judgment until after the expiration of the ninety day period provided for in Rule
306a(5). Rule 306a(4) therefore has no applicability to the case. See Levit v. Adams, 850 S.W.2d 469, 470 (Tex. 1993).

4. The De Los Santoses argue in their cross-appeal that the judgment nunc pro tunc did not seek to correct a clerical
error, but a judicial one, and thus was not a proper judgment nunc pro tunc. We do not reach this issue. We note, however,
that the trial court signed an alleged judgment nunc pro tunc of one judgment (June 18, 1997) which also purports to
correct the clerical error related to another judgment (April 25, 1997).