# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00155-CV

**Founders Acquisition & Merger, Inc., Appellant**

**v.**

**Susan Penny, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. GN0-02700, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

Founders Acquisition and Merger, Inc. ("Founders") filed suit against Susan Penny ("Penny") for breach of contract and fraud. Founders secured a no-answer default judgment on the morning of October 13, 2000. Later that day, Penny filed a special appearance, an answer subject to that special appearance, and a motion for new trial. The trial court held a hearing on December 11, 2000 and made a docket-sheet notation that said "special appearance granted." There was no ruling from the bench during that hearing. On February 26, 2001, the trial court signed an order that granted Penny's special appearance, set aside the default judgment of October 13, 2000, and dismissed the cause. Founders timely perfected appeal from that order and filed a petition for writ of mandamus, both urging that the February 26 order be vacated.

**Discussion**

*Appeal or Mandamus*

Mandamus is appropriate to set aside an order that is granted after the trial court's plenary power has expired. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex. 1985). A party seeking to challenge an order rendered outside a court's jurisdiction need not show it lacks an adequate remedy by appeal. *Southwestern Bell*, 35 S.W.3d at 605. As well, a void order may be vacated in a traditional appeal from a final judgment. *State v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *Coleman v. Sitel*, 21 S.W.3d 411, 414 (Tex. App.—San Antonio 2000, no pet.). Given that a timely appeal was perfected from a judgment intended to be final, we shall address this matter as an appeal with one issue presented.[1]

*Plenary Power*

If a motion for new trial is timely filed, the trial court has plenary power to grant a new trial or to vacate, modify, correct or reform the judgment until thirty days after such motions are overruled, either by a written and signed order or by operation of law, whichever comes first. Tex. R. Civ. P. 329b(d). A motion for new trial is overruled by operation of law seventy-five days from the judgment's signing. When its period of plenary power expires, a trial court cannot set aside its

---

[1] Because we are treating this cause as an appeal, we are, by separate opinion, dismissing as moot the petition for writ of mandamus. *In re Founders Acquisition and Merger, Inc.*, No. 03-01-00315-CV (Tex. App.—Austin Mar. 14, 2002, orig. proceeding) (not designated for publication).

2

judgment except by bill of review.[2] *Id.* 329(f). In this case, Penny's motion for new trial was overruled by operation of law on December 27, 2000, seventy-five days after the judgment was signed. The court's plenary jurisdiction expired thirty days from that date, January 26, 2001. Therefore, it appears that the February 26, 2001 order is void because judicial action taken after the court's jurisdiction over a cause has expired is a nullity. *Owens*, 907 S.W.2d at 486; *Times Herald Printing Co. v. Jones*, 730 S.W.2d 648, 649 (Tex. 1987).

***Docket Sheet Notations***

Appellee argues that the docket sheet entry, made within the trial court's plenary power, served to set aside the default judgment of October 13. Appellee phrases the issue as, "Does a void order become valid because of the trial court's failure to sign a piece of paper within the time allotted?"[3] The negative answer appellee seeks is not found by expanding the very limited use of docket sheet entries.

---

[2] A void judgment is also subject to collateral attack. A collateral attack is an attempt to avoid the effect of a judgment in a proceeding brought for some other purpose. *Kortebein v. American Mut. Life Ins. Co.*, 49 S.W.3d 79, 88 (Tex. App.—Austin 2001, pet. denied); *Ranger Ins. Co. v. Rogers,* 530 S.W.2d 162, 167 (Tex. Civ. App.—Austin 1975, writ ref'd n.r.e.). A direct attack on a judgment, conversely, is an attempt to change that judgment in a proceeding brought for that specific purpose, such as an appeal or a bill of review. *Kortebein*, 49 S.W.3d at 88; *Rogers*, 530 S.W.2d at 167. The grounds upon which a collateral attack may be successful are that the court rendering judgment has (1) no jurisdiction of the person of a party, or his property, (2) no jurisdiction of the subject matter of the suit, (3) no jurisdiction to enter the particular judgment entered, or (4) no capacity to act as a court. *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973); *Rogers*, 530 S.W.2d at 167. The record must affirmatively show that a court's jurisdiction did not attach in a particular case. *Tucker v. Cole,* 215 S.W.2d 252, 255 (Tex. Civ. App.—Texarkana 1948, writ ref'd n.r.e.).

[3] Appellee asserts that appellant did not attack the trial court's conclusion that it lacked personal jurisdiction, an assertion with which appellant vigorously disagrees.

3

In general, a docket entry may not take the place of a written order. *Texas-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 141 (Tex. App.—Texarkana 2000, no pet.) (determination of special exceptions); *Guyot v. Guyot*, 3 S.W.3d 243, 248 (Tex. App.—Fort Worth 1999, no pet.) (docket sheet notation inadequate to preserve error); *Elite Towing, Inc. v. LSI Fin. Group*, 985 S.W.2d 635, 645 (Tex. App.—Austin 1999, no pet.) (docket sheet notation that motion to transfer venue filed and ruled on not adequate to preserve error on motion); *Frommer v. Frommer*, 981 S.W.2d 811, 813 n.2 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (docket sheet notation cannot substitute for findings of fact and conclusions of law). A docket sheet entry cannot change a previously rendered judgment. *See* Tex. R. Civ. P. 329(b); *Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex. 1993); *Texas Prop. & Cas. Ins. Guar. Ass'n v. De Los Santos*, 47 S.W.3d 584, 588 (Tex. App.—Corpus Christi 2001, no pet.); *In re J.H.*, 39 S.W.3d 688, 690 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *First Nat'l Bank v. Birnbaum*, 826 S.W.2d 189, 190 (Tex. App.—Austin 1992, no writ).

A docket entry forms no part of the record which may be considered; it is a memorandum made for the convenience of the clerk and trial court. *Guyot*, 3 S.W.3d at 246; *Jauregui Partners, Ltd. v. Grubb & Ellis Commercial Real Estate Servs.*, 960 S.W.2d 334, 336 (Tex. App.—Corpus Christi 1997, pet. denied); *Birnbaum*, 826 S.W.2d at 190-91. This rule derives from the inherent unreliability of docket sheet entries. *Guyot*, 3 S.W.3d at 246; *Miller v. Kendall*, 804 S.W.2d 933, 944 (Tex. App.—Houston [1st Dist.] 1990, no writ).[4]

---

[4] A docket sheet entry may supply facts in certain situations. *N-S-W Corp. v. Snell*, 561 S.W.2d 798, 799 (Tex. 1977). It cannot, however, be used to contradict or prevail over a final judicial order. *Id.* (citing *Hamilton v. Empire Gas & Fuel Co.*, 110 S.W.2d 561 (Tex. 1937); *Stark v. Miller*, 63 Tex. 164 (1885)). The use has been limited to correcting clerical errors in judgments or orders or determining the meaning of words used in a judgment or order. *Energo Int'l Corp. v. Modern Indus.*

4

During the time that a trial court may vacate, set aside, modify or amend its previous order, such an action must, to be effective, be memorialized by written order that is express and specific. *McCormack v. Guillot*, 597 S.W.2d 345, 346 (Tex. 1980); *De Los Santos*, 47 S.W.3d at 577. An oral pronouncement with a docket sheet entry memorializing it cannot substitute for a written order. *Faulkner*, 851 S.W.2d at 188; *De Los Santos*, 47 S.W.3d at 588. (In this cause, we do not even have such a pronouncement.) A court must speak through its written orders, and we cannot presume an intent on the part of a court to vacate, set aside, modify or amend an order in the absence of an express, specific, and written order. *De Los Santos*, 47 S.W.3d at 588; *In re Hamilton*, 975 S.W.2d 758, 761 (Tex. App.—Corpus Christi 1998, pet. denied). Accordingly, we hold that the docket sheet notation was not sufficient to set aside the default judgment.

### *Propriety of Default Judgment*

Appellee argues that the default judgment was rendered without personal jurisdiction and therefore the trial court may correct its error at any time. That a judgment may be subject to collateral attack for want of personal jurisdiction does not lead to the conclusion that the trial court can simply modify or vacate the judgment at any time. *Cf. Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 888 (Tex. 1973); *Kortebein v. American Mut. Life Ins. Co.*, 49 S.W.3d 79, 88 (Tex. App.—Austin 2001, pet. denied). Finally, we cannot consider the propriety of the default judgment. The default judgment was a final, appealable order from which no appeal was taken. *See Sitel*, 21 S.W.3d at 413-14 (after vacating trial court's order rendered outside plenary power,

---

*Heating, Inc.*, 722 S.W.2d 149, 151 n.2 (Tex. App.—Dallas 1986, no writ); *see Frazier v. Yu*, 987 S.W.2d 607, 611 (Tex. App.—Fort Worth 1999, pet. denied).

5

appellate court could not consider underlying default judgment in same proceeding because no timely appeal from default had been taken).

**Conclusion**

We hold that the docket sheet notation was inadequate to set aside the default judgment. The order setting aside the default judgment was rendered outside the trial court's plenary power and thus was void. Accordingly, we sustain appellant's only issue and vacate the trial court's order of February 26, 2001, which leaves in place the default judgment of October 13, 2000.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Order Vacated

Filed: March 14, 2002

Do Not Publish

6