v01853.cp1







NUMBER 13-01-853-CV


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI



 

IN RE: WILLIAM N. WOOLSEY, INDIVIDUALLY, 

AND WOOLSEY & SCHMIDT, L.L.P., A PARTNERSHIP




On Petition for Writ of Mandamus





O P I N I O N

Before Justices Dorsey, Yañez, and Castillo

Opinion by Justice Yañez


In this original proceeding, relators, William N. Woolsey, individually, and Woolsey & Schmidt, L.L.P, a partnership, seek
a writ of mandamus directing the trial court to vacate its September 5, 2001 order of reinstatement entered in trial court
cause number 99-60725-2, styled Catherine D'Unger v. William N. Woolsey, Individually, and Woolsey & Schmidt, L.L.P,
a Partnership. Relators contend the order of reinstatement is void because the trial court's plenary power expired before
the entry of the order. We agree and conditionally grant the writ of mandamus. (1)

Factual and Procedural Background 

In May 1999, Catherine D'Unger, the real party-in-interest, filed suit against relators, alleging legal malpractice arising out
of D'Unger's relationship to parties in related litigation. (2) On March 31, 2000, pursuant to an agreed motion, the trial court
abated the malpractice action, pending appeal of the underlying related litigation from which the malpractice allegations
arose. On November 30, 2000, this Court issued its opinion in the related litigation. (3) On May 29, 2001, the trial court, on
its own motion, dismissed the malpractice lawsuit for want of prosecution. Two weeks later, the supreme court denied a
petition for review in the related litigation. On August 16, 2001, D'Unger's counsel wrote a letter to relators regarding a
proposed motion to withdraw the abatement. Relators did not respond to the letter. 

On August 28, 2001, the 91st day following the order of dismissal, D'Unger's counsel learned of the dismissal and filed a
motion to reinstate. The motion to reinstate stated that D'Unger: (1) had never received notice of the dismissal order; and
(2) did not learn of the dismissal order until August 28, 2001. On August 30, 2001, D'Unger filed an amended motion to
reinstate, in which she argued, inter alia, that even though Texas Rule of Civil Procedure 306a(4) directs that in no event
can the thirty-day period for filing a reinstatement motion begin if more than ninety days has passed since the signing of the
judgment, see Tex. R. Civ. P. 306a(4), (4) in the present case, the ninety-day period was extended by three days by the
operation of Texas Rule of Civil Procedure 21a. Rule 21a provides, in pertinent part:

Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other
paper upon him and the notice or paper is served upon by mail or by telephonic document transfer, three days shall be
added to the prescribed period. 

Tex. R. Civ. P. 21a. 

On August 30, 2001, the trial court conducted a hearing. D'Unger's counsel testified that he learned of the dismissal on the
91st day following dismissal. He further argued to the trial court that because the order of dismissal was mailed, the
"mailbox rule" extends the ninety-day period specified in rule 306a(4) by three days. Relators argued that the trial court
lacked jurisdiction to grant reinstatement because the three-day "mailbox rule" does not apply to the signing of judgments. 
On September 5, 2001, the trial court ordered the case reinstated.

Analysis

A party who does not have actual knowledge of an order of dismissal within ninety days of the date it is signed cannot
move for reinstatement. Tex. R. Civ. P. 306a(4); Estate of Howley v. Haberman, 878 S.W.2d 139, 140 (Tex. 1994); Levit
v. Adams, 850 S.W.2d 469, 470 (Tex. 1993). D'Unger argues that the three-day extension of time in rule 21a applies in
these circumstances to extend the ninety-day period specified in rule 306a(4). We disagree. We conclude that in these
circumstances, rule 21a does not operate to extend the ninety-day period specified in rule 306a(4) because notice received
after the 90th day following dismissal is simply not covered by rule 306a. Levit, 850 S.W.2d at 470 ("notice received after
the 90th day is simply not covered by [rule 306a]"); Alvarado v. Magic Valley Elec. Co-Op, Inc., 784 S.W.2d 729, 733
(Tex. App.-San Antonio 1990, writ denied) (rule 306a applies only if notice or knowledge of the signing of the order is
received within ninety days).

In the instant case, the trial court reinstated the case after its plenary power had expired, i.e., more than thirty days after the
signing of the order of dismissal. See Tex. R. Civ. P. 165a(3) (after dismissal for want of prosecution, a party may file a
motion to reinstate "within 30 days after the order of dismissal is signed or within the period provided by Rule 306a."). 
Judicial action taken after a trial court's jurisdiction over a cause has expired is a nullity. Tex. Prop. & Cas. Ins. Guaranty
Assoc. v. De Los Santos, 47 S.W.3d 584, 588 (Tex. App.-Corpus Christi 2001, no pet.). 

"When a trial court erroneously reinstates a case after the expiration of the court's plenary jurisdiction, mandamus will
issue." Estate of Howley, 878 S.W.2d at 140. We conditionally grant relators' petition for writ of mandamus and direct the
trial court to vacate its September 5, 2001 order of reinstatement. The writ will issue only if the trial court does not comply.

 

LINDA REYNA YAÑEZ

Justice









Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

21st day of March, 2002.

1. On January 16, 2002, Catherine D'Unger, the real party-in-interest, filed a response to the petition for writ of mandamus. 
See Tex. R. App. P. 52.4.

2. The related litigation involved a dispute over business relations between Thomas E. King and Jack L. Stone. 

3. Stone v. King, No. 13-98-022-CV, 2000 Tex. App. LEXIS 8070 (Tex. App.-Corpus Christi November 30, 2000, pet.
denied) (not designated for publication). 

4. Following dismissal for want of prosecution, a party may file a motion to reinstate within thirty days after the dismissal
order is signed or within the period provided by rule 306a. See Tex. R. Civ. P. 165a(3). Generally, the thirty-day period for
filing the reinstatement motion begins on the date the dismissal order is signed. Tex. R. Civ. P. 306a(1). If a party receives
notice of a judgment more than twenty days, but less than ninety days, after the judgment is signed, any time periods that
normally run from the signing of the judgment will instead run from the date that the party received notice of the signed
judgment. Tex. R. Civ. P. 306a(4). Rule 306a(4) specifically provides, however:

all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or
acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than
ninety days after the original judgment or other appealable order was signed.

Tex. R. Civ. P. 306a(4) (emphasis added).