NUMBER 13-00-187-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
RAQUEL FLORES CISNEROS,                                                   Appellant,
v.
JOSE ANGEL CISNEROS,                                                            Appellee.



On appeal from the 103rd District Court
of Cameron County, Texas.




 MEMORANDUM OPINION 

     Before Chief Justice Valdez and Justices Hinojosa and Kennedy




 

                              Opinion by Chief Justice Valdez
         Appellant, Raquel Flores Cisneros, brings this second appeal from her divorce
proceeding. We conclude that the trial court’s nunc pro tunc order of May 16, 2000
is void and dismiss the appeal.
Background
         On November 16, 1999, appellant’s divorce decree was signed. Appellant filed
a motion for new trial on December 2, 1999. The notice of appeal was due on
February 14, 2000; however, appellant did not file her notice of appeal until February
23, 2000. Because appellant filed a late notice of appeal and further failed to pay
filing fees and respond to requests and directives from this Court,


 we dismissed the
appeal for want of jurisdiction on June 15, 2000. Cisneros v. Cisneros, No. 13-00-187-CV, 2000 Tex. App. LEXIS 4087 (Corpus Christi June 15, 2000, no pet.) (per
curiam) (not designated for publication).
         On June 22, 2000, appellant filed an amended notice of appeal and a motion
requesting that the Court reinstate her appeal on grounds that a nunc pro tunc
judgment was entered by the trial court on May 16, 2000, after the expiration of the
trial court’s plenary power. Appellant contended that she did not receive actual notice
of the nunc pro tunc judgment until June 15, 2000; therefore, her amended notice of
appeal, filed on June 22, 2000, was timely. 
         By order issued July 13, 2000, we granted, in part, appellant’s motion to
reinstate her appeal, but only as to “complaints that would not apply to the original
judgment.” See Tex. R. App. P. 4.3(b); Tex. R. Civ. P. 306a(6); Gonzalez v. Doctors
Hosp.-East Loop, 814 S.W.2d 536, 537 (Tex. App.–Houston [1st Dist.] 1991, no writ
(mand. overruled)). In that order, we further determined that, to the extent that
appellant’s motion to reinstate addressed the timely filing of her amended notice of
appeal, such motion would be carried with the case.
Analysis
         Because appellant filed her amended notice of appeal and motion to reinstate
beyond the time limit imposed by appellate rule, but within the fifteen-day period in
which she could have moved to extend the filing deadline under rule 26.3, we consider
the amended notice and motion to reinstate as an implied motion for extension of time
to file a notice of appeal. Hone v. Hanafin, 104 S.W.3d 884, 886 (Tex. 2003). 
Appellant’s motion to reinstate and the affidavits attached thereto, read under a liberal
standard of review, provide a reasonable explanation for the late filing of the amended
notice of appeal. See id. Consequently, we conclude that appellant’s amended notice
of appeal was timely filed and will proceed to address appellant’s complaints regarding
the May 16, 2000 nunc pro tunc judgment.
         Appellant raises five issues in her amended brief. Her first three issues generally
attack the validity of the nunc pro tunc order. After reviewing this order, we conclude
that it does not constitute a true judgment nunc pro tunc, nor is it a permissible
clarification order under the family code.
         A trial court may correct clerical errors in its judgment even after expiration of
its plenary power. Tex. R. Civ. P. 306a(6); In re Dryden, 52 S.W.3d 257, 262 (Tex.
App.–Corpus Christi 2001, orig. proceeding). However, the trial court may not correct
judicial errors after the judgment becomes final. Escobar v. Escobar, 711 S.W.2d 230,
231 (Tex. 1986) (contrasting clerical and judicial errors). A clerical error results when
there is a discrepancy between the entry of judgment in the official record and the
judgment as it was actually rendered. Univeral Underwriters Ins. Co. v. Ferguson, 471
S.W.2d 28, 29-30 (Tex. 1971). A clerical error does not result from judicial reasoning
or determination. Andrews v. Koch, 702 S.W.2d 584, 585 (Tex. 1986). In contrast,
a judicial error occurs when the court considers an issue and makes an erroneous
decision. See Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56, 58-59 (Tex. 1970). 
The question regarding whether the error is clerical or judicial is a question of law. 
Finlay v. Jones, 435 S.W.2d 136, 138 (Tex. 1968); Dickens v. Willis, 957 S.W.2d
657, 659 (Tex. App.–Austin 1997, no pet.). 
         The family code also grants the trial court the power to enter further orders after
judgment to clarify or enforce a divorce decree. See, e.g., Tex. Fam. Code Ann. §§
9.006, 9.008 (Vernon 2002). However, the code prohibits a court from substantively
changing the provisions of an earlier order. See Dickens, 957 S.W.2d at 659. A court
may not amend, modify, alter, or change the division of property made or approved in
the decree of divorce. Tex. Fam. Code Ann. § 9.007(a) (Vernon 1998). An order to
enforce the division is limited to an order to assist in the implementation of or to clarify
the prior order and may not alter or change the substantive division of property. Id. 
An order that alters the substantive division of property in a final divorce decree is
“beyond the power of the divorce court and is unenforceable.” Id. §9.007(b); see also
Tex. Fam. Code Ann. § 157.423 (Vernon Supp. 2004) (prohibiting substantive change
in orders for clarification and enforcement of decrees affecting parent-child
relationship). 
         The May 16, 2000 order differs from the November 16, 1999 order in several
respects. We need only address one of these differences herein. Both orders award
a minor child of the marriage a ten percent interest in realty awarded to the appellee. 
The original decree further provides in the following paragraph that appellee “shall hold
harmless Raquel Flores Cisneros for any claims filed . . . against either party hereto
arising out of any claim of interest in the 30 Acre tract mentioned in the preceding
paragraph.” The May 16, 2000 order lacks this language, and instead provides that
appellee “shall execute a special warranty deed to [the minor child] in conformity
herewith and record same as soon as practicable in conformity herewith.” 
         There is nothing in the record to indicate that the November 16, 1999 order
incorrectly stated the judgment actually rendered at that time. We conclude that the
judgment nunc pro tunc changed the substantive rights of the parties under the decree,
and therefore, the judgment nunc pro tunc corrected judicial, and not clerical, error. 
We further conclude that the order did not constitute a proper order for clarification or
enforcement under the family code as it modified the substantive rights of the parties. 
See McGehee v. Epley, 661 S.W.2d 924, 926-27 (Tex. 1983).
         The May 16, 2000 judgment nunc pro tunc is void. See Dikeman v. Snell, 490
S.W.2d 183, 186 (Tex. 1973); Wood v. Griffin & Brand, 671 S.W.2d 125, 132 (Tex.
App.–Corpus Christi 1984, no writ). We sustain appellant’s first three issues. We
need not address appellant’s remaining issues on grounds that they are complaints that
would apply to the original judgment. Tex. R. App. P. 4.3(b).
Conclusion 
         We set aside the May 16, 2000 nunc pro tunc order and dismiss this appeal for
want of jurisdiction. See Tex. Prop. & Cas. Ins. Guar. Ass’n v. De Los Santos, 47
S.W.3d 584, 588 (Tex. App.–Corpus Christi 2001, no pet.) 
                                    
                                                                                     
    
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

Justice Kennedy not participating.
 
Opinion delivered and filed
this 5th day of February, 2004.