

IN THE
TENTH COURT OF APPEALS

_____

No. 10-10-00183-CV

IN RE J. ALLAN GODDARD

_____

Original Proceeding

_____

## MEMORANDUM  OPINION

In this original proceeding, Relator J. Allan Goddard seeks mandamus relief because the respondent trial judge, in an order dated April 30, 2010, set aside a July 20, 2009 judgment, well beyond the expiration of the trial court's plenary power.  *See* TEX. R. CIV. P. 329b(c, d).

> A trial court retains plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment within thirty days after the judgment is signed.  TEX. R. CIV. P. 329b(d); *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984).  After the expiration of those thirty days, the trial court has no authority to set aside a judgment except by bill of review as provided by law.  TEX. R. CIV. P. 329b(d); *Thursby v. Stovall*, 647 S.W.2d 953, 954 (Tex. 1983).  During the time in which a court may vacate, set aside, modify or amend its previous order, such action must, to be effective, be memorialized by written order that is express and specific.  *McCormack v. Guillot*, 597 S.W.2d 345, 346 (Tex. 1980) (citing as the correct rule, *Poston Feed Mill Co. v. Leyva*, 438 S.W.2d 366, 368 (Tex. Civ. App.—

> Houston [14th Dist.] 1969, writ dism'd w.o.j.)); *In the Interest of Hamilton,* 975 S.W.2d 758, 761 (Tex. App.—Corpus Christi 1998, pet. denied). A trial judge's oral pronouncement vacating a judgment with a docket entry commemorating the same cannot substitute for the written order required by Rule 329b. *See Faulkner v. Culver,* 851 S.W.2d 187, 188 (Tex. 1993) (citing *Clark & Co. v. Giles,* 639 S.W.2d 449, 450 (Tex. 1982)). Nor does a ruling in open court suffice to vacate a judgment if it is not reduced to writing within the statutory period. *Ex Parte Olivares,* 662 S.W.2d 594, 595 (Tex. 1983). A court must speak through its written orders and we cannot presume an intent on the part of a court to vacate, set aside, modify or amend an order in the absence of an express, specific and written order. *In the Interest of Hamilton,* 975 S.W.2d at 761.

*Tex. Prop. & Cas. Ins. Guar. Ass'n v. De Los Santos,* 47 S.W.3d 584, 587 (Tex. App.—Corpus Christi 2001, no pet.). We do not find an equitable exception to this applicable law.

> Generally, Relators can obtain mandamus relief only upon showing that the court committed a clear abuse of discretion and that they have no adequate legal remedy. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). However, when a party establishes that the court rendered a void order, she is "entitled to mandamus relief without a showing that there is no adequate remedy by appeal." *In re Union Pac. Resources Co.,* 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding).

*In re Jeffries,* 979 S.W.2d 429, 434 (Tex. App.—Waco 1998, orig. proceeding).

"An order is void when a court has no power or jurisdiction to render it. The writ of mandamus will not lie to correct a merely erroneous or voidable order of the trial court, but will lie to correct one which the trial judge had no power to render." *Urbish v. 127th Jud. Dist. Ct.,* 708 S.W.2d 429, 431 (Tex. 1986).

We are constrained to find that the trial court had no power to set aside the judgment, that the April 30, 2010 order is void, and that Goddard is entitled to mandamus relief. We grant his petition and order Respondent to vacate his April 30,

2010 order setting aside the July 20, 2009 judgment.  We are confident that Respondent will comply with our ruling, so the writ will issue only if Respondent fails to advise this Court in writing within fourteen days after the date of this opinion that he has vacated the order.

REX D. DAVIS<br>Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Petition granted and writ conditionally issued
Opinion delivered and filed July 21, 2010
[OT06]