Benjamin WILLIAMS, Appellant,

v.

Nancy B. WILLIAMS, Appellee.

No. 20756.

Court of Civil Appeals of Texas, Dallas.

July 6, 1981.

Rehearing Denied Aug. 12, 1981.

Neil Brans, Dallas, for appellant.

Susan Sanders Vrana, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and STOREY, JJ.

STOREY, Justice.

Nancy Williams sued and obtained judgment against her former husband, Benjamin Williams, for amounts due on a prior judgment for divorce rendered on February 22, 1971. The appeal centers upon whether the judgment on which this action is brought is void as an attempt to divest appellant of his separate property, namely, benefits under the Army and Air Force Exchange Service Retirement Pension Plan.[1] We affirm on the ground that the earlier judgment is not void so as to be subject to collateral attack in the present suit.

A defense to a judgment debt on the ground that the prior judgment is erroneous is a collateral attack [see *Newman v. Mackey*, 37 Tex.Civ.App. 85, 83 S.W. 31 (1904, writ dism'd)]; and a collateral attack may be maintained only on a void judgment. *Templeton v. Ferguson*, 89 Tex. 47, 33 S.W. 329 (1895). A judgment based upon erroneous holdings as to substantive law is not void. *See* Hodges, *Collateral Attacks on Judgments*, (pt. 2), 41 Texas L. Rev. 499, 521 (1963), and cases cited therein at note 188. That the prior judgment may have awarded appellant's separate property to appellee, even if the judgment was erroneous in this respect, does not render the judgment void. If the trial court erred, the error was one of substantive law to be remedied by appeal. *King v. King*, 291 S.W. 645 (Tex.Civ.App.—San Antonio 1927, writ dism'd). Consequently, the prior judgment is not subject to collateral attack in this suit.

We have examined appellant's remaining contentions and conclude that they are likewise without merit.

Affirmed.

---

1. While the 1971 decree also set aside to plaintiff an $8/21$ interest in defendant's military retirement, this suit, and therefor the judgment appealed from, deals only with an accounting of and judgment for the plaintiff's interest in defendant's A.A.F.E.S. Pension. The A.A.F.E.S. plan is not a congressionally mandated plan.