**Werner Felix STINSON, Appellant,**

v.

**Shirley Ann STINSON, Appellee.**

**No. 04–82–00277–CV.**

Court of Appeals of Texas,
San Antonio.

March 14, 1984.

Rehearing Denied April 24, 1984.

As Corrected on Grant of
Rehearing in Part May 4, 1984.

Joseph F. Leonard, Jr., Kathryn Dodd Shane, Leonard & Shane, Kerrville, for appellant.

Thomas Goggan, Austin, Oliver S. Heard, Jr., San Antonio, for appellee.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

OPINION

ESQUIVEL, Justice.

This is an appeal from a summary judgment in a suit to partition land. On June 2, 1978, the 131st Judicial District Court of Bexar County, Texas (divorce court), entered a decree of divorce dissolving the marriage of Shirley Ann Stinson, the petitioner therein and appellee herein, and Werner Felix Stinson, respondent therein and appellant herein. The decree ordered, inter alia, that appellee was awarded a one-half (½) interest in a %p7,200/10,500%pths of 234.8 acres situated in Medina County, Texas. Appellant never appealed the judgment. In 1979, appellee filed the instant suit for partition against appellant, her former husband, in the 38th Judicial District Court of Medina County. Appellee filed a motion for summary judgment. Appellant responded by arguing against appellee's motion, and moving for summary judgment alleging in his motion that the decree of divorce was void. Appellee's motion was granted, appellant's motion was denied, and the trial court ordered the property sold. The court further ordered that the proceeds from the sale be distributed between the parties in accordance with the judgment entered by the divorce court.

Appellant presents us with seven points of error complaining of trial court error in granting the summary judgment in favor of appellee. All seven points in one manner or another assign error on the contention that the judgment of the divorce court awarding appellee a one-half (½) interest in %p7,200/10,500%pths of appellant's property is void, and therefore properly the subject of a collateral attack. In support of this contention, appellant argues that the

judgment was void because the divorce court had no jurisdiction to render its judgment without the joinder of the life tenant, *i.e.*, his mother; and further, because the gift deed from his mother to him made the remainder his separate property of which the divorce court had no jurisdiction to divest him. We disagree with appellant's contentions and affirm the trial court.

As stated before, appellant never appealed the judgment of divorce granting the award of one-half (½) interest in %p7,200/10,500%pths to his wife. He later filed a bill of review in an attempt to collaterally attack the divorce decree. The bill of review was denied, and again, no appeal was prosecuted. We note that counsel for appellant in this cause was not involved in the two prior proceedings.

 To be able to collaterally attack a judgment rendered in a prior proceeding, the judgment attacked must be void. *See Templeton v. Furguson*, 89 Tex. 47, 55, 33 S.W. 329, 332–33 (1895); *Williams v. Williams*, 620 S.W.2d 748, 749 (Tex.Civ.App.— Dallas 1981, writ ref'd n.r.e.). A judgment based upon erroneous holdings of substantive law is not void. *Williams, supra* at 749; *see* Hodges, *Collateral Attacks on Judgments*, 41 TEX.L.REV. 499, 521 & n. 188 (1963). That the divorce court may have awarded appellant's separate property to appellee and that the divorce court may have rendered judgment without the joinder of the life tenant, even if the judgment was erroneous in these respects, does not render the judgment void. If the trial court erred, the error was one of substantive law to be remedied by appeal. *King v. King*, 291 S.W. 645, 648 (Tex.Civ.App.— San Antonio 1927, writ dism'd). Accordingly, we hold that the divorce decree entered by the divorce court is not void and therefore, not the proper subject of a collateral attack.

The judgment of the trial court is affirmed.