Robert Charles **PUTEGNAT,** Appellant,

v.

Barbara Brooks **PUTEGNAT,** Appellee.

No. 13–85–395–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 13, 1986.

Robert A. Whittington, Brownsville, for appellant.

Jimmy Phillips, Angleton, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Appellant, plaintiff below, appeals a summary judgment rendered in favor of the defendant below. The parties hereto were formerly husband and wife. They were divorced in Brazoria County, Texas, in 1976. The divorce decree awarded appellee 25% of the property which appellant "will receive through inheritance or otherwise from the Sarita Kenedy East Estate" as her separate property. No appeal was taken from the entry of the decree and a subsequent bill of review filed by appellant was dismissed for want of prosecution.

The action which resulted in the summary judgment below was filed by appellant in Kenedy County, which is the location of the disputed property. Appellant sought to declare void the award of his separate property to appellee in the original divorce proceedings, alleging therein that the divestiture was of appellant's separate prop-

erty, that it was not constitutional, and, therefore, was void as beyond the power of the court. This appeal turns on this one point, i.e., whether the disputed portion of the divorce decree was void. Carried further, can this divorce decree be the object of a collateral attack? We affirm the judgment of the trial court.

The case of *Stinson v. Stinson*, 668 S.W.2d 840 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.) is on point herein. *Stinson* also involved a collateral attack on a divorce decree which purported to divest the appellant of his separate property. The *Stinson* court held:

> That the divorce court may have awarded appellant's separate property to appellee and that the divorce court may have rendered judgment without the joinder of the life tenant, even if the judgment was erroneous in these respects, does not render the judgment void. If the trial court erred, the error was one of substantive law to be remedied by appeal.

*Id.* at 841; *see Williams v. Williams*, 620 S.W.2d 748 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.).

To collaterally attack a judgment rendered in a prior proceeding, the judgment attacked must be void. *Stinson*, 668 S.W.2d at 841; *Williams*, 620 S.W.2d at 749. Any error of the trial court was of substantive law to be remedied by appeal, and, therefore, not void nor the proper subject of a collateral attack. *Stinson*, 668 S.W.2d at 841; *Williams*, 620 S.W.2d at 749.

Appellant relies on *Donias v. Quintero*, 227 S.W.2d 252 (Tex.Civ.App.—El Paso 1949, no writ) to support his position that the divorce decree was void and may be attacked collaterally. In *Donias*, the divorce decree attempted to divest the party of his title to community property realty, in direct contravention of TEX.REV.CIV. STAT.ANN. art. 4638 (repealed 1969). The El Paso Court of Appeals held that part of the divorce decree void and subject to collateral attack. Based on *Hardin v. Hardin*, 597 S.W.2d 347 (Tex.1980), we think the *Donias* holding is erroneous. "It is well established in Texas that a divorce

judgment, unappealed, and regular on its face, is not subject to a collateral attack in a subsequent suit." *Id.* at 350. Notwithstanding *Hardin* and assuming *Donias* is correct, the present case is distinguishable from *Donias*. Pursuant to TEX.FAM. CODE ANN. § 3.63 (Vernon Supp.1986) which reads, "In a decree of divorce or annulment the court shall order a division of the *estate of the parties* in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage," the trial court entered the present decree. (Emphasis added)

However, not until *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137 (Tex.1977), which was subsequent to the divorce decree in the case before us, did the Supreme Court hold that the phrase "estate of the parties" means community estate and refused to permit a divestiture of a party's separate property in a divorce action. Following the *Donias* rationale, at the time the divorce decree was entered herein (1976 and pre-*Eggemeyer,*) it was not a void decree. Therefore, notwithstanding the subsequent changes brought about by *Eggemeyer,* the decree before us was not void nor subject to collateral attack.

The judgment of the trial court is affirmed.