Rosemary JEWELL, Appellant,

v.

James E. JEWELL, Appellee.

No. 09 86 015 CV.

Court of Appeals of Texas, Beaumont.

Jan. 15, 1987.

Rehearing Denied Feb. 4, 1987.

Bruce Neill Smith, Smith & Thorne, Beaumont, for appellant.

Michael D. Matheny, Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appeal from a granted summary judgment. Rosemary filed suit against James for conversion of personal property. Rosemary alleged that James had converted certain personal property described as a bedroom suite, including a bed, dresser and night stand, dining table and bench and dining chair with orange seat. Rosemary argues that this furniture was a gift to her from her family.

Rosemary and James were divorced on June 26, 1984. The judgment of the divorce was unconditionally approved by James and Rosemary. James was the Petitioner and he was awarded the following as his own sole and separate property, with the title thereto being divested out of Rosemary and being vested in James. The property was described as follows:

"(a) All household furniture, furnishings, fixtures, goods, appliances, and equipment in the possession of or subject to the control of petitioner, with the exception of any property specifically awarded to respondent herein."

By later paragraph, Rosemary was awarded the following personal property:

"(a) All household furniture, furnishings, fixtures, goods, appliances, and equipment in the possession of or subject to the control of respondent, with the exception of any property specifically awarded to petitioner herein."

The divorce judgment or decree of June 26th, 1984, became final. No appeal was taken from it.

Rosemary, in her original petition, affirmatively pleaded that James had the bedroom suite, dining table and dining chair in his possession on June 26, 1984, being the exact date of the divorce decree. Rosemary did allege that his possession was unlawful and without authority and that, after June 26, 1984, James wrongfully retained the personal property in his possession, refusing the demand of Rosemary to deliver the personal property to her.

It is evident that the personal property in issue was in the possession of James on the date of the divorce decree.

James, by his Motion for Summary Judgment, contended that he and Rosemary had been married for many years and that they were divorced on June 26, 1984. He attached a certified copy of the Judgment of Divorce to his motion. By his unequivocal affidavit, he swore that the personal property involved was in his possession at the time of the divorce decree, saying:

"It was agreed at the time of the entry of the Judgment of Divorce that I would be awarded all personal property in my possession. This personal property has been in my possession and was awarded to me under the terms and provisions of the divorce decree which is attached herein."

We have cited the governing parts of that divorce decree above.

In Rosemary's Affidavit, she swears:

"As evidenced by the pleadings and other instruments filed in this case, the property in question is and has always been my separate personal property. I owned the subject property going into the marriage with the Defendant, JAMES E. JEWELL, and have never considered the property part of the marital estate."

Certainly, her affidavit is of a conclusional nature in that she states, very generally, that the property in question is, and always has been, her separate, personal property and that she owned the subject property going into the marriage with James.

We decide that the final and unappealable decree of divorce determined this matter. This is especially true when we examine the conclusional statements in the affidavit of Rosemary. It is important and crucial to note that the decree of divorce was approved by Rosemary. Rosemary does not have any controverting affidavit to the effect that the personal property at issue was not in the possession of James on June 26, 1984. She does not take the position, in anywise, that the agreed judgment

of divorce was flawed by any type of fraud, accident, mistake or other equitable or legal doctrine. She alleges only a conversion and, thereby, admits that the property was in the possession of James at the crucial date. The suit in the County Court at Law was filed July 1, 1985.

This suit for conversion and this appeal amount to a pure collateral attack on the divorce judgment. For Rosemary to prevail, the original divorce judgment had to have been absolute null and void. Even if the district court or the divorce court made some mistake in the awarding of the separate property of one party to another party—which we do not hold—nevertheless, that original judgment was not void and could not be collaterally attacked. *Stinson v. Stinson,* 668 S.W.2d 840 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). *Stinson, supra,* held that a judgment based on erroneous holdings of substantive law is not void. *Williams v. Williams,* 620 S.W.2d 748 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). *See also,* Hodges, *Collateral Attacks on Judgments,* 41 TEXAS L.REV. 499, 521 and n. 188 (1963). Indeed if the trial court had fallen into error, that error was one of substantive law that should have been remedied by an appeal. *King v. King,* 291 S.W. 645 (Tex.Civ.App.—San Antonio 1927, writ dism'd).

*TEX.FAM.CODE ANN. sec. 5.02* (Vernon 1975) provides that property in the possession of either the husband or the wife during the marriage, or on the date of the dissolution of the marriage, is presumed to be community property. Hence, it became the burden of Rosemary to plead and prove that the property in question was actually her sole and separate property before the divorce court. This she did not do.

It is also important to note that Appellant, in her brief, concedes that the personal property, or furniture, in issue has been in the continuous possession of James since the date of the divorce decree. Rosemary has nowhere contended that the furniture and personal property in dispute was not in the possession of James on June 26, 1984.

We conclude that James was entitled to a judgment, as a matter of law. The order below granting James' Motion for Summary Judgment is affirmed.

AFFIRMED.