**In re Kerry Nathan PARKER.**

No. 06–03–00100–CV.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 10, 2003.

Decided Sept. 11, 2003.

Joy Spencer Berry, Berry & Berry, LLP, Marshall, for relator.

Katherine Clark Dorroh, Law Office of Katherine Clark Dorroh, Shreveport, LA, for real party in interest.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Kerry Nathan Parker petitions this Court for a writ of mandamus. In his petition, he asks that the Court direct Visiting Judge Paul Banner of the 115th Judicial District Court in Marion County to vacate his Order on Motion to Vacate Final Decree of Divorce dated March 31, 2003.

Factual and Procedural Background

Relator, Kerry Nathan Parker (hereafter Kerry) and Rana Roxanne Beck Parker (hereafter Rana) were married in 1997. Rana moved out of the house and to Shreveport, Louisiana, on June 24, 2001. On March 18, 2002, Rana filed for divorce in the 1st Judicial District Court, Caddo Parish, Louisiana, under cause number 465,409–E. On March 20, 2002, Kerry filed for divorce in the 115th Judicial District Court in Marion County, Texas, under cause number 02–00064.

Kerry received notice of the Louisiana proceeding on March 26, 2002. Kerry claims Rana received notice of the Texas proceeding on March 20, but she claims she did not receive notice until April 4. Rana never appeared in the Texas proceeding. On April 29, Kerry appeared in

the Louisiana court and filed pleadings on May 20, 2002, asserting the defense of reconciliation available to him under Louisiana law to contest Rana's petition for divorce. Meanwhile, Kerry maintained his suit for divorce in Texas, making no similar assertion of reconciliation.

On June 6, 2002, the Texas trial judge signed the Final Decree of Divorce. On June 12, a file-marked copy of the Texas judgment was forwarded to the attorney of record for Rana. On June 17, her attorney received a copy of Kerry's petition to make the Texas decree executory in Louisiana. On July 15, 2002, thirty-nine days after the final judgment was signed, Rana filed her Motion to Vacate Final Decree of Divorce.[1] On December 22, 2002, a hearing was held on this motion to vacate. On March 31, 2003, Judge Banner granted Rana's motion to vacate and signed her Order on Motion to Vacate Final Decree of Divorce.

### Summary of Arguments

■ Parker asserts the trial court's order on the motion to vacate was signed after the court's plenary power had expired, that is, thirty days after the judgment was signed. Since the order was signed thirty-nine days after the decree was signed, it is void and cannot effectively vacate the final divorce decree of June 6, 2002.

Rana acknowledges the general rule that a motion for new trial or to vacate, modify, correct, or reform must be filed within thirty days after the judgment is signed, but asserts she is under the exception to the general rule because she did not receive notice of the judgment until June 17, 2002. She contends the motion to

vacate was timely because it was filed within thirty days of the date on which she received notice. Alternatively, Rana argues the trial court properly considered her motion as a bill of review and properly granted her equitable relief.

### Mandamus

■ Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985); *State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984). A relator who challenges the trial court's ruling under this standard of review must establish that, under the circumstances of the case, the facts and law permit the trial court to make but one decision. *Johnson,* 700 S.W.2d at 917. Mandamus will not issue to control the action of a lower court in a matter involving that court's discretion. *Id.* Specifically, a writ of mandamus is appropriate to set aside an order for new trial that is granted after the court's plenary power expires and that is, therefore, void. *In re Dickason,* 987 S.W.2d 570, 571 (Tex.1998) (orig.proceeding); *Porter v. Vick,* 888 S.W.2d 789, 789–90 (Tex.1994).

### Timeliness of Motion to Vacate

■ A motion for new trial or a motion to modify, correct, or reform a judgment must be filed before or within thirty days after the judgment or other order complained of is signed. Tex.R. Civ. P. 329b(a). On expiration of the time in which the trial court has plenary power, a judgment cannot be set aside by the trial

---

1. It appears that the original judge in this matter, the Honorable Lauren Parish, inadvertently signed an order on July 22, 2002, which had the purported effect of vacating the Final Decree of Divorce signed on June 6. On August 14, 2002, Judge Parish entered the

Order Declaring Order Vacating Final Decree of Divorce Void since the trial court did not have plenary power to vacate the judgment. This order of August 14 reaffirmed the Final Decree of Divorce as a final judgment.

court except by a timely-filed bill of review for sufficient cause. TEX.R. CIV. P. 329b(f).

Generally, the date the judgment or order is signed of record shall determine the calculation of the periods in which the trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment or order. *See* TEX.R. CIV. P. 306a(1).

The clerk of the court in which the judgment was rendered is directed to send notice to all parties or their attorneys of record advising them the judgment was signed. TEX.R. CIV. P. 306a(3). If within twenty days after the judgment or order is signed, the adversely affected party has received neither notice under Rule 306a(3) nor actual notice of the order, then the time periods begin on the date the party received notice or acquired actual notice, whichever occurred first. TEX.R. CIV. P. 306a(4). In no event, however, shall the time periods begin more than ninety days after the judgment or order was signed. *Id.*

Here, the Final Decree of Divorce was signed by Judge Lauren Parish on June 6, 2002. Rana claims she did not receive notice of the Texas divorce decree until her attorney received a copy of Kerry's petition to make the Texas judgment executory in Louisiana on June 17, 2002.

Using the date of June 17 to calculate the time period in which the court had plenary power to act on the judgment, the relevant dates do not invoke the exception to the general rule that the time period begins on the date the judgment was signed. According to the plain language of the rule, in order for the exception of subsection (4) to apply, the date on which the party received notice must be twenty days after the judgment or order was signed. Rana received notice on June 17, only eleven days after the judgment was signed.

No motion was timely filed according to Rule 306a(4) that would extend the trial court's plenary power over the case beyond the thirty days after judgment was signed as provided for in Rule 329b(a). That is, the trial court retained plenary power only for thirty days after June 6, 2002, the date the judge signed the final divorce decree. Therefore, this situation falls outside the exception, and the general rule applies to make Rana's Motion to Vacate the Final Decree of Divorce, filed on July 15, 2002, untimely and unsuccessful to extend the trial court's plenary power to vacate or modify the original decree. *Compare Dickason,* 987 S.W.2d at 571 (order granting new trial entered after expiration of trial court's plenary power under Rule 329b(e)), *with John v. Marshall Health Servs.,* 58 S.W.3d 738, 740–41 (Tex. 2001) (claimant's motion filed while trial court still had plenary power over case under Rule 306a(4)-(5)). On March 31, 2003, the date the judge signed the order vacating the divorce decree, the trial court no longer had jurisdiction over the case.

Accordingly, the March 31, 2003, order vacating the final divorce decree is void. Since the trial court's plenary power had expired, the judgment may be set aside only by a timely-filed bill of review for sufficient cause. *See* TEX.R. CIV. P. 329b(f).

Bill of Review

Rana argues, in the alternative, that her motion was properly considered by the trial court as a bill of review and relief was properly granted under this equitable theory. Kerry's reply to Rana's argument is that Rana's motion fails to establish the elements required in a bill of review.

 An appeal may be prosecuted only from a final judgment which disposes of all issues and parties in the case. *Tesoro Petroleum v. Smith,* 796 S.W.2d 705,

705 (Tex.1990). A bill of review which sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and is not appealable. *Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex.1995); *Warren v. Walter*, 414 S.W.2d 423, 423 (Tex.1967).

Here, the trial court specifically found that "there is an issue of constitutional consequence regarding a conflicts of law issue as it pertains to which State, Texas or Louisiana, has jurisdiction to dissolve the marriage and divide the property of the parties." Further, the trial court's order on Rana's motion to vacate states the only issue remaining between the parties shall be limited to the subject matter of community property. This language clearly indicates that not all issues are resolved in the matter. Consequently, we lack jurisdiction over the matter and cannot rule on whether Rana has satisfied the elements necessary to entitle her to relief under a bill of review. *See Jordan*, 907 S.W.2d at 472.

Because the trial court did not have plenary power to vacate the June 6 final divorce decree, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its March 31, 2003, Order on Motion to Vacate Final Decree of Divorce. The writ will issue only if the trial court fails to comply.