NUMBER 13-01-758-CV
 
COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS
 
CORPUS CHRISTI - EDINBURG




PATSY JEAN JOHNSON,                                                   Appellant,

v.

WAYNE VENTLING,                                                           Appellee.




On appeal from the 94th District Court
of Nueces County, Texas.



 
O P I N I O N
 
Before Justices Hinojosa, Castillo, and Chavez



Opinion by Justice Castillo
 
         This is a case of a marriage that wasn't. Appellant Patsy Jean Johnson
challenges: (1) the jurisdiction of the trial court to grant appellee Wayne Ventling's
motion to vacate a decree of divorce between the parties; and (2) the trial court's
denial of Johnson's motion to enforce contractual alimony terms of the decree. To
avert criminal prosecution for collecting, throughout her thirteen-year cohabitation with
Ventling, federal widow's benefits that stop if she marries, Johnson now stipulates
that Ventling and she were never husband and wife. At the same time, she argues she
is entitled to the community property rights of a spouse. Having filed suit in 1995 to
dissolve the parties' common-law marriage, Ventling now seeks to avoid his
contractual obligations to Johnson. We dismiss for want of jurisdiction. 
I. PROCEDURAL HISTORY
A. The Divorce Decree
         On January 23, 1995, Ventling filed an original petition for divorce. Johnson
answered and counterclaimed. The parties agreed to a property division. The trial
court signed a "Final Decree of Divorce" on April 13, 1995. Among the recitations in
the decree were findings that: (1) the pleadings of the petitioner were "in due form
and contain all the allegations, information, and prerequisites required by law"; and
(2) the court had jurisdiction over the suit and the parties. The decree recited: "The
parties have consented to the terms of this decree and stipulated that the provisions
for division of assets and liabilities are contractual." Under the heading "Divorce," the
decree recited: "IT IS ORDERED AND DECREED that the relationship between WAYNE
VENTLING, Petitioner, and PATRICIA M. JOHNSON, Respondent, is dissolved."


 The
decree ordered a division of the estate of the parties and contractual alimony to be
paid to Johnson. Finally, the decree provided: "Without affecting the finality of this
Decree of Divorce, this Court expressly reserves the right to make orders necessary
to clarify and enforce this decree." No children were born to or adopted by the couple,
so the decree does not contain any child custody or support provisions. 
B. The Statistical Report of Divorce
         The record also contains a report of divorce required by The Bureau of Vital
Statistics of the Texas Department of Health. The section in the form that requests
information about the "husband" recited Ventling's name and age. The section
requesting information about the "wife" recited Johnson's name, maiden surname,
residence, and age. The form showed "01-01-82" as the date of the parties'
"marriage." Finally, it recited that a "divorce" was granted on April 13, 1995 in the
94th District Court of Nueces County, Texas. 
 C. The Enforcement Proceedings
         In October 1995, Johnson filed a motion to enforce the terms of the parties'
agreement. Ventling responded with his own counterclaim for enforcement. No order
appears in the record with respect to the 1995 enforcement motion. The parties'
briefs indicate they settled the dispute. 
         In September 1997, Johnson filed a second enforcement motion. Ventling
answered with a general denial and a claim for attorney fees. In December 1997,
Ventling amended his answer and raised the affirmative defenses of fraud, accident,
mistake, collateral estoppel, and judicial estoppel. He sought rescission of the parties'
agreement and moved to have the decree vacated. He argued that Johnson defrauded
him into agreeing to the property division and that he received incorrect legal advice
about the necessity of obtaining a formal divorce from her. Johnson supplemented her
motion to enforce to allege collateral estoppel, judicial estoppel, and res judicata. The
trial court denied Johnson's motion without prejudice by written order signed
January 9, 1998. It ordered the parties to mediate. 
         In August 1999, Johnson sought summary judgment "for enforcement of the
Decree, a declaratory judgment that the Decree is enforceable as a final judgment
and/or as a contract, and [for] a judgment that she is entitled to payment/performance
as a matter of law." Ventling amended his answer, again seeking rescission of the
decree and asserting that it was interlocutory and "the result of fraud, accident,
mistake, and other improper motives" of Johnson. He also non-suited "his cause of
action for dissolution of marriage raised by Original Petition for Divorce on January 23,
1995." 
         On September 9, 1999, the trial court denied Johnson the relief she sought. 
The trial court found as follows:
[A]n original petition for divorce was filed by Wayne Ventling on
or about January 23, 1995. No counterclaim for divorce was filed by
Patricia Johnson, or other pleading giving rise to a cause of action to
divide property owned by Wayne Ventling. The court further finds that
Patricia has entered a judicial stipulation on the record that the parties
were never married, which upon the notice of non-suit filed by Wayne
Ventling rendered any issue raised by the pleadings of the parties moot. 

The trial court then approved Ventling's non-suit and dismissed the case. It also
denied "[a]ll relief sought by either party." 
         The litigation did not end there.


 On October 5, 1999, Johnson asked the court
to vacate its dismissal order. On October 7, 1999, the trial court vacated the
dismissal, granted Ventling's motion for non-suit, and denied Johnson's motion for
summary judgment. 
         On November 10, 1999, Ventling filed a motion to dismiss for failure to state
a cause of action. Johnson responded to Ventling's motion to dismiss on January 6,
2000. She also supplemented her counterclaim for dissolution and division of
property, asserting she had not abandoned or superceded her original counterclaim for
a property division. Although she admitted that "[t]he parties were not, in fact,
married" at the time of the decree, she asserted that the decree dissolved the couple's
thirteen-year "domestic partnership." She reasserted her motion to enforce the
contractual terms of the decree and sought a declaration of her rights under the
decree. She supplemented her claims again in November 2000, raising "res judicata,
merger and bar, collateral and equitable estoppel, fraudulent inducement, accord and
satisfaction, and release." 

D. The Final Judgment
         The trial court heard evidence on the parties' claims in March 2001. It signed
a final judgment on July 25, 2001 that found as follows:
This suit was initiated by Petitioner as a suit for dissolution of
marriage by divorce and division of jointly owned property. Respondent
answered and counterclaimed for a division of jointly owned property. 
 
The parties entered into an agreement for the division of property. 
This Court rendered judgment on the agreement as reflected in the Final
Decree of Divorce of April 13, 1995. The agreed Final Decree provided
for a dissolution of the relationship and a division of the property. 
Respondent now seeks to enforce the terms of the parties' agreement
and the Final Decree, including the recovery of money and attorney fees. 
Petitioner now seeks to have both the Final Decree and the agreement
vacated, to have his non-suit of the divorce suit approved, and to recover
attorney fees. 

The judgment denied "all relief requested" by Johnson. The court concluded "that the
agreed judgment remains interlocutory and, pursuant to the Court's continuing plenary
power, the judgment is hereby vacated. Petitioner's non-suit of his divorce action is
granted." The court awarded Ventling $15,000 in attorney fees. This appeal ensued. 
                                      II. THE ISSUES ON APPEAL
         Johnson contends that by 2001, the trial court's plenary jurisdiction over the
1995 decree had long expired. The judgment signed July 25, 2001, she concludes,
is void. Ventling counters that the decree only recited that the "relationship" between
the parties was dissolved and did not grant a divorce. Since the decree effected only
a property division, not a divorce, he contends it was interlocutory. He asserts,
therefore, that principles of finality have no bearing on the alimony provisions in the
decree. Rather, he argues, principles of contract law govern enforceability of the
agreement. Ventling adds that if the decree was in fact a final order, Johnson's appeal
must be dismissed for want of jurisdiction since Johnson did not timely appeal the
order denying enforcement of the decree signed on January 9, 1998. If, however, the
decree was interlocutory, Ventling concludes, the 2001 judgment is adequately
supported by the record. 
III. DISPOSITION
A. Finality
1. Interlocutory Orders
         There can be only one final judgment. Tex. R. Civ. P. 301; Tex. Prop. & Cas.
Ins. Guar. Ass'n v. De Los Santos, 47 S.W.3d 584, 587 (Tex. App.–Corpus Christi
2001, no pet.). A judgment that settles all legal issues and rights between the parties
is final and appealable. Id. (citing Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985)
(per curiam)).  
2. Collateral Attacks
         A collateral attack is an attempt to avoid the binding force of a judgment
in a separate proceeding brought for some other purpose. Toles v. Toles,
113 S.W.3d 899, 914 (Tex. App.–Dallas 2003, pet. denied) (citing Ramsey v.
Ramsey, 19 S.W.3d 548, 552 (Tex. App.–Austin 2000, no pet.)). A judgment is void
only if the court had no jurisdiction over the parties or property, no jurisdiction of the
subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. 
Reiss v. Reiss, 118 S.W.3d 439, 443 (Tex. 2003); Toles, 113 S.W.3d at 914. All
other errors make the judgment merely voidable, and may be corrected only through
a direct attack. Reiss, 118 S.W.3d at 443; Toles, 113 S.W.3d at 914. 
         When reviewing a collateral attack, we presume the validity of the judgment
under attack. Id. Extrinsic evidence may not be used to establish a lack of jurisdiction
when collaterally attacking a judgment. Id. A collateral attack fails if the judgment
contains jurisdictional recitals, even if other parts of the record show a lack of
jurisdiction. Id. "It is well established in Texas that a divorce judgment, unappealed,
and regular on its face, is not subject to a collateral attack in a subsequent suit." 
Putegnat v. Putegnat, 706 S.W.2d 702, 703-04 (Tex. App.–Corpus Christi 1986, no
writ) (quoting Hardin v. Hardin, 597 S.W.2d 347, 350 (Tex. 1980)). 
3. Plenary Jurisdiction
         A trial court retains plenary power to grant a new trial or to vacate, modify,
correct, or reform a judgment within thirty days after the judgment is signed. Tex. R.
Civ. P. 329b(d); First Alief Bank v. White, 682 S.W.2d 251, 252 (Tex. 1984) (orig.
proceeding) (per curiam). After the expiration of those thirty days, the trial court has
no authority to set aside a judgment except by bill of review for sufficient cause. 
Tex. R. Civ. P. 329b(f); Thursby v. Stovall, 647 S.W.2d 953, 954 (Tex. 1983)
(orig. proceeding) (per curiam); In re Parker, 117 S.W.3d 484, 487 (Tex.
App.–Texarkana 2003, orig. proceeding); In re Garcia, 94 S.W.3d 832, 834 (Tex.
App.–Corpus Christi 2002, orig. proceeding). If no party to a judgment files a motion
that extends the trial court's plenary power, the trial court loses plenary
power over the judgment thirty days after the judgment is signed. Bass v. Bass,
106 S.W.3d 311, 314 (Tex. App.–Houston [1st Dist.] 2003, no pet.). 
4. Continuing Jurisdiction
         After expiration of its plenary jurisdiction, a trial court retains its
inherent power to clarify or enforce a divorce decree. See McGehee v. Epley,
661 S.W.2d 924, 926 (Tex. 1983) (per curiam). Thus, a trial court may enter a
clarifying order to enforce compliance with an insufficiently specific divorce decree. 
Tex. Fam. Code Ann. § 9.008(b) (Vernon 1998). However, the trial court "may not
amend, modify, alter, or change the division of property made or approved in the
decree of divorce or annulment." Tex. Fam. Code Ann. § 9.007(a) (Vernon 1998);
Shanks v. Treadway, 110 S.W.3d 444, 449 (Tex. 2003). Any order "that amends,
modifies, alters, or changes the actual, substantive division of property made or
approved in a final decree of divorce or annulment is beyond the power of the divorce
court and is unenforceable." Tex. Fam. Code Ann. § 9.007(b) (Vernon 1998). 
B. Analysis
1. The 1995 Decree Was a Final Divorce Judgment
         The decree dissolved the "relationship" between the parties and ordered an
agreed division of their property. It is regular on its face. We find that the decree
settled all legal issues and rights between the parties. See De Los Santos, 47 S.W.3d
at 587. We hold that the 1995 "Final Decree of Divorce" was a final divorce judgment
and not interlocutory at the time the trial court signed the 2001 judgment. See In re
Parker, 117 S.W.3d at 487; see also De Los Santos, 47 S.W.3d at 587. 
2. Impermissible Collateral Attack
         We find that the decree contained findings sufficient to establish the
jurisdictional basis for a valid judgment. See Reiss, 118 S.W.3d at 443; see also
Toles, 113 S.W.3d at 914. We conclude that the decree is not void and may not be
collaterally attacked. See Reiss, 118 S.W.3d at 443; see also Toles, 113 S.W.3d
at 914. We hold that Ventling's challenge to the enforceability of the decree in this
proceeding amounted to an impermissible collateral attack. See Reiss, 118 S.W.3d
at 443; see also Toles, 113 S.W.3d at 914; Putegnat, 706 S.W.2d at 703-04. 
3. No Plenary Jurisdiction
         Neither of the parties appealed the decree or filed any motion that extended the
trial court's plenary power. We hold that the trial court lost plenary power over the
decree thirty days after signing it. See Bass, 106 S.W.3d at 314; see also In re
Garcia, 94 S.W.3d at 834. Thus, after expiration of its plenary jurisdiction, the trial
court retained only its inherent power to clarify or enforce the 1995 decree. See
McGehee, 661 S.W.2d at 926. 
4. No Continuing Jurisdiction to Vacate the 1995 Decree
         By vacating the decree, the trial court effectively changed the division of
property. We hold that the trial court had no authority to enter an order altering or
modifying the original disposition of property. See Shanks, 110 S.W.3d at 449. 
         Judicial action taken after a trial court's jurisdiction has expired is a nullity. 
State ex rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam). A party
may but need not appeal a void judgment. Id. We may declare the judgment void and
dismiss for lack of jurisdiction. Id. We do so today. We hold that the trial court had
no jurisdiction to sign the 2001 judgment vacating the 1995 decree. See Shanks,
110 S.W.3d at 449; see also Putegnat, 706 S.W.2d at 703-04. We hold that the
July 25, 2001 judgment is void. See De Los Santos, 47 S.W.3d at 588. 
C. Appellate Jurisdiction
         Our jurisdiction extends no further than that of the court from which the appeal
is taken. Warner-Lambert Co. v. Mills, 117 S.W.3d 488, 490 (Tex. App.–
Beaumont 2003, no pet. h.) (citing Pearson v. State, 315 S.W.2d 935, 938
(Tex. 1958)); Nabejas v. Tex. Dep't of Pub. Safety, 972 S.W.2d 875, 876 (Tex.
App.–Corpus Christi 1998, no pet.). Accordingly, we hold that we have no jurisdiction
to consider this appeal.


 See Nabejas, 972 S.W.2d at 876. 
IV. CONCLUSION
         Both parties in this case have been "'playing fast and loose' with the courts to
suit [their] own purposes." See Andrews v. Diamond, Rash, Leslie & Smith,
959 S.W.2d 646, 649 (Tex. App.–El Paso 1997, writ denied).


 We dismiss this
appeal for want of jurisdiction. 
 
                                                                        ERRLINDA CASTILLO
                                                                        Justice


Opinion delivered and filed 
this 1st day of April, 2004.