NUMBER 13-04-639-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

RICARDO GARCIA,                                                  Appellant,

 

                                           v.

 

MIRTA GLORIA LONGORIA, 

MIGUEL ANGEL LONGORIA,
AND 

DAIRYLAND COUNTY MUTUAL INSURANCE COMPANY, Appellees.

 

 

 

             On appeal from the County
Court At Law No. 5

                           of Hidalgo
County, Texas.

 

 

 

                     MEMORANDUM OPINION

 

                     Before Justices Hinojosa, Yañez, and
Castillo

                        Memorandum Opinion by Justice Castillo

 








This appeal is brought
from a "judgment for permanent injunction" which issued on July 13,
2004.  In the same matter, the trial
court issued an interlocutory default judgment on March 8, 2004, followed by a
final judgment dated May 13, 2004.  We
dismiss for want of jurisdiction.

I.  Background

Appellant, Ricardo
Garcia, was involved in an automobile accident with the daughter of appellee,
Miguel Angel Longoria, the owner of the vehicle and a resident of Mexico.  Garcia alleged that he sustained serious injuries
as a result of the accident and sued for relief in cause number 42,138-E,
County Court at Law No.5, Hidalgo County, Texas.  An interlocutory default judgment was entered
on the merits on March 8, 2004.  It
reflects that the "Court, after having taken judicial notice of its file,
finds that Defendants Mirta Longoria and Miguel Angel Longoria, although duly
and properly served, have totally failed to file an answer . . . ."  After a hearing on the question of damages,
final judgment was entered on May 13, 2004, providing that Garcia recover $250,000
jointly and severally from Longoria and his daughter.  The judgment disposes of all claims and all
parties, reflects that it is a final judgment, and states that any further
relief not expressly granted is denied. 








An abstract of judgment
was issued on June 3, 2004, Garcia obtained a writ of execution, and contacted
the sheriff to levy execution on some property of Longoria.  On July 2, 2004, Longoria filed a
"request for injunctive relief" in the same cause.  Longoria claimed the trial court never had
jurisdiction over him because he was never served with citation.  Longoria also urged that he had not received
notice of the final judgment until the sheriff had attempted execution.[1]

Longoria sought to
preclude Garcia from executing the abstract of judgment and/or selling any
personal property owned by Longoria, including property subject to the
sheriff's levy.  Longoria also sought a
declaratory judgment that the earlier final judgment was void for want of
jurisdiction over him.  He urged that the
return of citation issued for service upon him reflected that it had been
served upon his daughter, and that no order for substituted service had
issued.  Longoria requested that a
temporary restraining order issue without notice, restraining Garcia and the
sheriff from executing the abstract of judgment, to be followed by a temporary
and then a permanent injunction, and that the court declare the final judgment
previously entered void as to Longoria.  

The trial court signed
a temporary restraining order on July 2, 2004; included in the text of that
order is a notice of a hearing for July 12, 2004.  There is no indication that notice of either
the temporary restraining order or the hearing was forwarded to either Garcia
or his counsel and, indeed, Garcia contends that he never received notice.  On July 12, 2004, the hearing proceeded
without any appearance by Garcia.  








On July 13, 2004,
still in cause number 42,138-E, the trial court issued a "judgment for
permanent injunction" enjoining Garcia from conducting a sheriff's sale or
selling any of the personal property levied upon by the sheriff pursuant to the
earlier writ of execution, and from taking any further action pursuant to that
writ of execution.  Garcia filed a notice
of appeal on August 10, 2004, from this "void ex parte permanent
injunction" which was entered without any notice to him.[2]  

II.  Issues on Appeal

Garcia raises the
following issues on appeal:  (1) no
motion for new trial or other comparable motion was ever filed to extend the
trial's court's plenary power, plenary power expired, and the trial court had
no jurisdiction to enter the judgment for permanent injunction; (2) where there
is failure to receive notice of a judgment, whether a motion (such as one for a
permanent injunction) may serve to extend the effective date of the judgment;
or (3) whether a party must comply with rule 306a of the Texas Rules of Civil
Procedure in order for a court to act after its plenary power has expired; and
(4) whether a party may obtain an ex parte injunction without notice of service
to the opposing party.  Garcia
essentially urges that the order relating to the permanent injunction is void
for lack of jurisdiction and lack of notice. 

Longoria counters that (1) service against him in the original matter
was ineffective and therefore the default judgment and final judgment were
"void" as to him; and (2) he was not required to provide notice of
the injunction because a party is charged to remain informed of all orders and
judgments rendered in a suit.








III.  Jurisdiction

Our initial inquiry is
always whether we have jurisdiction over an appeal.  Tex. Ass'n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 443 (Tex. 1993).  We also
consider the trial court's jurisdiction; "[s]ubject matter jurisdiction is
essential to the authority of a court to decide a case."  Id. 
The question of jurisdiction is a legal issue; therefore, we apply the
de novo standard of review.  Mayhew v.
Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  A court's jurisdiction is never presumed.  Alaniz v. Hoyt, 105 S.W.3d 330, 335
(Tex. App.BCorpus Christi 2003,
no pet.) (citing El‑Kareh v. Tex. Alcoholic Beverage Comm'n, 874
S.W.2d 192, 194 (Tex. App.BHouston [14th Dist.]
1994, no writ)).  If the record does not
affirmatively demonstrate the appellate court's jurisdiction, the appeal must
be dismissed.  Id. 

A.  Plenary Power of the Trial Court

A trial court retains
plenary power to grant a new trial or to vacate, modify, correct, or reform a
judgment within thirty days after the judgment is signed.  Tex.
R. Civ. P. 329b(d); First Alief Bank v. White, 682 S.W.2d 251,
252 (Tex. 1984) (orig. proceeding) (per curiam).  While a timely-filed motion for new trial or
other comparable motion will extend that plenary power, no such motion was
filed in this matter.  See Tex. R. Civ. P. 329b.  








After the expiration
of those thirty days, the trial court has no authority to set aside a judgment
except by bill of review for sufficient cause. 
Tex. R. Civ. P. 329b(f); Thursby v. Stovall, 647 S.W.2d 953, 954 (Tex. 1983) (orig. proceeding) (per curiam); In
re Parker, 117 S.W.3d 484, 487 (Tex. App.BTexarkana
2003, orig. proceeding); In re Garcia, 94 S.W.3d 832, 833-34 (Tex. App.BCorpus Christi 2002, orig. proceeding).  If no party to a judgment files a motion to extend the trial court's plenary
power, the trial court loses plenary power over the judgment thirty days after
the judgment is signed.  Bass v. Bass,
106 S.W.3d 311, 314 (Tex. App.BHouston [1st Dist.]
2003, no pet.).  Any type of motion,
including a motion for new trial, filed more than thirty days after the trial
court signs a final judgment is untimely. 
Moritz v. Preiss, 121 S.W.3d 715, 720 (Tex. 2003).  The trial court's inherent power "does
not allow a trial court to disregard the plain language of rule 5 and enlarge
the time for filing new trial motions." 
Id. (citing Tex. R. Civ. P.
5, 329b; A.F. Jones & Sons v. Republic Supply Co., 246 S.W.2d 853,
854 (Tex. 1952)).

B.  The Exception Provided Under Rule 306a








An exception to the
rule that procedural timetables run from the date the judgment is signed exists
for a party who learns of the judgment more than twenty but less than ninety
days after it was signed.  Tex. R. Civ. P. 306a(4); Tex. R. App. P. 4.2; Grondona v.
Sutton, 991 S.W.2d 90, 91 (Tex. App.BAustin 1998, pet.
denied).  To benefit from the exception,
the party must prove in the trial court, on sworn motion and notice, the date
he or his attorney first received notice or acquired actual knowledge of the
judgment.  Tex. R. Civ. P. 306a(5); Sutton, 991 S.W.2d at 91.  If
evidence at the hearing establishes the date of notice, appellate deadlines and
the court's plenary power start from that date rather than the date the
judgment was signed.  Tex. R. Civ. P. 306a(4); Tex. R. App. P. 4.2(a)(1); Sutton,
991 S.W.2d at 91.

Compliance with the
provisions of Rule 306a is a jurisdictional requisite.  Sutton, 991 S.W.2d at 91; Mem'l Hosp.
v. Gillis, 741 S.W.2d 364, 365 (Tex. 1987); In re Simpson, 932
S.W.2d 674, 677 (Tex. App.BAmarillo 1996, no
writ).  The sworn motion serves the
purpose of establishing a prima‑facie case of lack of timely notice,
thereby invoking the trial court's jurisdiction for the limited  purpose of holding a hearing to determine the
date of notice.  Sutton, 991
S.W.2d at 91; Carrera v. Marsh, 847 S.W.2d 337, 342 (Tex. App.BEl Paso 1993, orig.
proceeding). 

C.  Discussion

The trial court
entered a final judgment on May 13, 2005. 
No motion for new trial or other motion to extend the court's plenary
power was filed, and the trial court's jurisdiction expired in June 2005.  No bill of review was filed.[3]  Instead, on July 2, 2005, less than ninety
days after the judgment, Longoria filed a motion for injunctive relief.  








The motion itself
focuses on the harm that would result if Garcia were to be permitted to proceed
with execution under the judgment. 
Nothing in the text of the motion addresses lack of or the date actual
notice was received of the final judgment; instead, the argument focuses on
inadequacy of service.  Attached to the
motion is an affidavit which relates that Longoria was "recently informed
of an outstanding abstract of judgment against his property . . . as a result
of a Writ of Execution which was issued in this case."  It then addresses the harm he will sustain if
execution is allowed to proceed. Nothing in the affidavit addresses lack of or
date of actual notice of the final judgment. 

The motion for
injunctive relief and its accompanying affidavit, although filed within the
time period prescribed under rule 306a, fail to satisfy the requisites of rule
306a because neither addresses or establishes a date on which Longoria or his
attorney first received notice or acquired actual knowledge of the
judgment.  Tex. R. Civ. P. 306a.

D.  Remedy by Appeal

Judicial action taken
after the trial court's plenary power has expired is void.  See State ex. rel Latty v. Owens, 907
S.W.2d 484, 486 (Tex. 1995); Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703
(Tex. 1990) (defining a void judgment as one rendered when a court has no
jurisdiction over the parties or subject matter, no jurisdiction to render
judgment, or no capacity to act as a court). 








Void or invalid trial
court judgments rendered without jurisdiction are properly challenged by
mandamus.  In re Dickason, 987
S.W.2d 570, 571 (Tex. 1998) (orig. proceeding) (holding that mandamus is the
appropriate remedy to set aside an order granted after the court's plenary power
has expired and that is, therefore, void); see also Dikeman v. Snell,
490 S.W.2d 183, 186 (Tex. 1973) (orig. proceeding).[4]  

IV.  Conclusion

The trial court
exceeded its authority by entering the order for temporary injunction.  No motions were timely filed to extend the
trial court's plenary power.  No motion
complying with rule 306a was filed to set aside the final judgment due to lack
of notice.  The trial court had no
jurisdiction to consider the motion for injunctive relief or any subsequent
filings.  No petition for writ of mandamus
is before us.  Because this appeal was
taken from an order that issued without jurisdiction and which is therefore
void, we have no jurisdiction over this matter.  Owens, 907 S.W.2d at 486. 

Accordingly, we
dismiss Garcia's appeal for want of jurisdiction.

 

ERRLINDA CASTILLO

Justice

 

 

Memorandum Opinion delivered and filed

this the 16th day of
February, 2006.  

 

 











[1] The judgment itself reflects it
was forwarded to counsel for Garcia, to both Longoria and his daughter at her
address in McAllen, Texas, and to an additional individual.  





[2] Garcia has also filed an affidavit
of inability to pay costs.  Attached to
Longoria's brief, but not included as a part of the record in this appeal, is
an original petition filed by Garcia against Longoria in a separate cause,
number 04-1656-R, before County Court at Law No. 1, Hidalgo County, Texas.  That petition raises allegations similar to
those before the court in this appeal, that the injunction was entered
subsequent to expiration of the trial court's plenary power, and that no notice
thereof was ever provided to Garcia.  





[3] Upon the expiration of
the trial court's plenary power, a judgment cannot be set aside by the trial
court except by bill of review for sufficient cause, filed within the time
allowed by law.  See Tex. R. Civ. P. 329b(f).  A bill of review is an equitable action
brought by a party to a prior action who seeks to set aside a judgment that is
no longer appealable or subject to a motion for new trial.  State v. 1985 Chevrolet Pickup Truck, 778
S.W.2d 463, 464 (Tex. 1989) (per curiam) (op. on reh'g); Mowbray v. Avery,
76 S.W.3d 663, 682 (Tex. App.BCorpus Christi 2002, pet.
denied).  To have the judgment set aside,
the complainant must first meet certain pretrial burdens and then prevail on
the merits.  Baker v. Goldsmith,
582 S.W.2d 404, 406-07 (Tex. 1979); Kessler v. Kessler, 693 S.W.2d 522,
526 (Tex. App.BCorpus
Christi 1985,writ ref'd n.r.e.). 





[4] We nevertheless note,

 

An order which proclaims its
voidness upon its face needs no appellate action to proclaim its
invalidity.  It is one thing to say that
a void order may be appealed from but it is another thing to say that it
must be appealed from for it would be anomalous to say that an order
void upon its face must be appealed from before it can be treated as a nullity
and disregarded.

 

Dikeman v. Snell, 490 S.W.2d 183, 186 (Tex. 1973) (orig.
proceeding) (citing Fulton v. Finch, 364 S.W.2d 823, 830 (Tex. 1961)
(emphasis in original)).