

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00076-CV

IN THE MATTER OF THE MARRIAGE OF CAROLYN RUTH THOMPSON
AND CURTIS OLIVER THOMPSON, III

On Appeal from the County Court at Law
Lamar County, Texas
Trial Court No. 82494

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Carolyn Ruth Thompson and Curtis Oliver Thompson, III, were divorced in 2014. On March 9, 2017, Carolyn filed a motion for clarification of the 2014 divorce decree. She appeals the trial court's denial of her motion. Because we find that we are without jurisdiction over this appeal, we dismiss it.

The trial court signed an order denying Carolyn's motion on August 21, 2017. Rule 26.1 of the Texas Rules of Appellate Procedure provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a timley post-judgment motion is filed. TEX. R. APP. P. 26.1(a). There was no timely appeal from the August 21, 2017, order, and the trial court's plenary power expired. *See* TEX. R. CIV. P. 329b.

On appeal, Carolyn argues that she did not receive notice of the August 21, 2017, order. Rule 306a(4) provides that, if a party has not received notice of the trial court's judgment or order "within twenty days after the judgment or other appealable order is signed," a sworn motion complying with Rule 306a(5) can be filed to extend appellate deadlines, which "shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, *but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.*" TEX. R. CIV. P. 306a(4), (5) (emphasis added); *see Estate of Howley By & Through Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994).

Our appellate record does not contain the timely, sworn motion to extend post-judgment deadlines required by Texas Rules of Civil Procedure 306a, subsections (4) and (5). Even though

the trial court's plenary power expired ninety days from the August 21, 2017, order, the trial court entered an identical order denying Carolyn's motion for clarification of the divorce decree on July 2, 2018. Carolyn attempts to appeal from the July 2018 order.

We find that the August 21, 2017, order was a final order and that the trial court did not have jurisdiction to enter the July 2, 2018, order because its plenary power had expired. *See* TEX. R. CIV. P. 329b(f); *see In re Parker*, 117 S.W.3d 484, 487 (Tex. App.—Texarkana 2003, orig. proceeding). Also, because notice of appeal was not timely filed from the August 2017 order, "no complaint shall be heard on appeal that could have been presented in an appeal from the original judgment." *See* TEX. R. CIV. P. 329b(h).

On April 1, 2019, we notified the parties about this jurisdictional defect and the prospect of involuntary dismissal of the appeal if a satisfactory response was not filed by April 16, 2019. *See* TEX. R. APP. P. 42.3(a). Carolyn's response cites to authority stating that a trial court retains continuing subject-matter jurisdiction to enforce or clarify a divorce decree or amend a qualified domestic relations order. *See* TEX. FAM. CODE ANN. § 9.002 (West Supp. 2018), §§ 9.008, 9.1045 (West 2006).[1] The trial court did so in its August 2017 order, and no further requests for clarification were sought by the parties. Because it entered the same order in 2018, the order was not a clarification of either the divorce decree or the 2017 order based on a motion by the parties invoking the trial court's jurisdiction. For that reason, allowing an appeal from that latter order

---

[1]These sections "provide for limited, post-judgment jurisdiction that may be invoked only in particular circumstances, rather than for plenary, original jurisdiction." *DeGroot v. DeGroot*, 260 S.W.3d 658, 662 (Tex. App.—Dallas 2008, no pet.) (citing *Gainous v. Gainous*, 219 S.W.3d 97, 108 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)).

would improperly authorize Carolyn to circumvent the appellate timetables. This cannot be permitted.

We dismiss this appeal for want of jurisdiction. *See Hunter v. Hunter*, No. 01-18-00057-CV, 2018 WL 1473796, at *2 (Tex. App.—Houston [1st Dist.] Mar. 27, 2018, no pet.) (per curiam) (mem. op.); *Matter of Marriage of Hahn*, No. 13-16-00544-CV, 2016 WL 7242844, at *1 (Tex. App.—Corpus Christi Dec. 15, 2016, no pet.) (per curiam) (mem. op.).


Scott E. Stevens
Justice

Date Submitted:     April 10, 2019
Date Decided:      April 26, 2019