

# NUMBER 13-21-00171-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PETER MICHAEL BUFFA,                                                                    Appellant,

v.

ELISA SILVA BUFFA,                                                                    Appellee.

## On appeal from the 444th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña
Memorandum Opinion by Justice Peña**

Appellant Peter Michael Buffa appeals the trial court's order clarifying a divorce decree's property division and granting a monetary award to appellee Elisa Silva Buffa. In five issues, which we treat as three, Peter argues that: (1) the trial court lacked jurisdiction to enter the order; (2) the monetary award is not supported by legally sufficient

evidence; and (3) the trial court erred in awarding attorney's fees. We declare the order void, vacate the order, and dismiss the case.

## I.  BACKGROUND

The trial court signed an agreed divorce decree dissolving the marriage between Peter and Elisa and dividing the marital estate. In relevant part, the decree awarded Elisa a Mercedes automobile and ordered Peter to "continue making payments pursuant to the parties['] agreement," which was incorporated into the decree. The referenced agreement provided that Peter would be responsible for the financing of the vehicle and delivering to Elisa a lien free title at the end of the financing agreement. The decree classified Peter's obligation as contractual alimony. Subsequently, a flooding event caused the complete loss of the vehicle. Peter had previously obtained insurance for the vehicle, and the insurer paid Peter for the value of the vehicle. Peter used the proceeds to pay off the vehicle's remaining debt.

Elisa then filed a lawsuit in a separate court alleging Peter breached the parties' agreement because he failed to replace the vehicle or pay Elisa the vehicle's equivalent value. Peter subsequently filed a "Petition for Enforcement of Property Division or in the Alternative for Clarification of Prior Decree" in the divorce cause of action. Peter alleged that he complied with the divorce decree by paying for the vehicle with proceeds from an insurance policy that he also paid for. Peter argued that "[t]he decree does not require him to keep [Elisa] in a car after the vehicle in question was paid for." Peter sought "an order directing [Elisa] to terminate" her breach of contract suit. Alternatively, Peter requested that the trial court clarify that Peter owes no further obligation to Elisa if it

2

determined the decree was ambiguous.

The trial court held a hearing on Peter's petition, at which Elisa failed to appear.[1] After receiving Peter's testimony, the trial court orally announced that it was "going to grant all relief sought by [Peter]." On December 4, 2020, the trial court signed an "Anti-Suit Injunction and Clarification of Divorce Decree," which ordered Elisa to "immediately cease and desist all litigation" in the breach of contract case. The order clarified that, under the decree, in the event Elisa's vehicle "were to become lost, stolen, [or] destroyed," Peter's obligation under the divorce decree was limited to paying the "debt obligation associated with" the vehicle. The order further stated that "[i]f an insurance company covers the lost, stolen[,] or destroyed [vehicle], then the vehicle is paid and [Peter's] obligation [under the decree] is fulfilled."

On January 13, 2021, Elisa filed a pro se "Motion for New Hearing." Although she filed the motion more than thirty days after the trial court signed its clarification order, she claimed the motion was timely because she was not served with a copy of the judgment within twenty days.[2] *See* TEX. R. CIV. P. 306a(4). Elisa argued she was entitled to a new hearing or trial because of defective service of citation and because Peter's petition did not give fair notice of the claims asserted.

The trial court issued an order setting a hearing on the motion for February 10,

---

[1] The trial court granted Peter's motion for substituted service of citation and permitted Peter to effect service by serving Elisa's attorney of record in the breach of contract litigation. *See* TEX. R. CIV. P. 109a.

[2] The trial court's order provides that Elisa's counsel in the breach of contract action was served with a copy. This counsel subsequently represented Elisa in the present case. His attorney billing records filed with the trial court indicate that he received and reviewed the clarification order on December 7, 2020.

2021.[3] At the hearing, Elisa requested a continuance so that she could hire an attorney. The trial court granted this request and continued the proceeding to March 24, 2021. On March 23, 2021, Elisa, now represented by the same counsel providing representation in the breach of contract case, filed a motion to dismiss for lack of jurisdiction, a plea in abatement, and an original answer. Elisa did not argue in this filing that the trial court's earlier clarification order should be set aside; rather, she claimed the breach of contract court had dominant jurisdiction over the controversy.

On March 24, 2021, the trial court held a hearing, and after hearing arguments from counsel, it ordered the parties to mediation.[4] After a failed mediation, the trial court held a final hearing on April 27, 2021. At the outset of the hearing, Peter's counsel nonsuited any live claims he might have against Elisa. Thereafter, Elisa's counsel announced "we are proceeding under my motion for a new hearing." However, no argument or testimony was presented regarding the grounds for a new hearing. Rather, both parties presented evidence regarding the circumstances of Elisa's totalled vehicle. After hearing evidence and the arguments of counsel, the trial court orally pronounced that Peter was obligated under the divorce decree to compensate Elisa for the value of the vehicle when it was totalled. Elisa's counsel then testified as to Elisa's claim for attorney's fees and costs. On May 6, 2021, the trial court signed an "Order Clarifying and Granting Judgment," which awarded Elisa $24,556.92 for the value of the vehicle and

---

[3] The trial court signed Elisa's proposed order, but it struck out the following language: "the order signed on 12/4/20 is set aside and the motion for new hearing is granted."

[4] The parties presented no argument regarding Elisa's motion for new hearing. Elisa argued the merits of her motion to dismiss, and Peter reurged his entitlement to a clarification order.

4

$9,300.00 in attorneys fees and costs. The order clarified that Elisa was entitled to any insurance proceeds from the loss of the vehicle and that Peter was separately obligated to pay the debt associated with the vehicle. This appeal followed.

## II.       JURISDICTION

In his first issue, Peter argues that the trial court lacked jurisdiction to enter the May 6, 2021 clarifying order because: (1) the divorce decree was unambiguous; (2) the trial court's plenary power expired; and (3) Peter non-suited the case. Because it is dispositive, we first address whether the trial court's plenary power expired.

### A.       Standard of Review & Applicable Law

"A court that rendered a divorce decree generally retains continuing subject-matter jurisdiction to clarify and to enforce the decree's property division." *Gainous v. Gainous*, 219 S.W.3d 97, 106 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (citing TEX. FAM. CODE ANN. §§ 9.002, 9.008). "[A] suit to enforce shall be governed by the Texas Rules of Civil Procedure applicable to the filing of an original lawsuit." TEX. FAM. CODE ANN. § 9.001(b). An enforcement proceeding "shall be as in civil cases generally." *Id.* § 9.001(c). "On the request of a party or on the court's own motion, the court may render a clarifying order before a motion for contempt is made or heard, in conjunction with a motion for contempt or on denial of a motion for contempt." *Id.* § 9.008(a). "On a finding by the court that the original form of the division of property is not specific enough to be enforceable by contempt, the court may render a clarifying order setting forth specific terms to enforce compliance with the original division of property." *Id.* § 9.008(b). An order clarifying a divorce decree is a final appealable order. *Reynolds v. Reynolds*, 860 S.W.2d

5

568, 570 (Tex. App.—Dallas 1993, writ denied) (citing *Starr v. Starr*, 690 S.W.2d 86, 87–88 (Tex. App.—Dallas 1985, no writ) (per curiam)); *see Gainous*, 219 S.W.3d at 105 ("Res judicata applies to final divorce decrees and, under the same logic, applies to final post-divorce orders.").

A trial court has the "power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed." TEX. R. CIV. P. 329b(d). If a timely motion is filed, the trial court then has the "power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." *Id.* R. 329b(e). "After its plenary power expires, a trial court may not set aside its judgment except by timely bill of review." *Cisneros v. Puentes*, 662 S.W.3d 601, 604 (Tex. App.—El Paso 2022, no pet.) (citing TEX. R. CIV. P. 329b(f)). "Once plenary power has expired, a trial court's jurisdiction . . . cannot be vested by party agreement or waiver." *Id.* (citing *In re Vaishangi, Inc.*, 442 S.W.3d 256, 260–61 (Tex. 2014) (orig. proceeding) (per curiam)).

We review de novo issues affecting the trial court's subject matter jurisdiction, such as whether it acted outside its plenary power. *Marshall v. Priess*, 99 S.W.3d 150, 156 (Tex. App.—Houston [14th Dist.] 2002, no pet.). "Judicial action taken after the expiration of the court's [plenary power] is a nullity, and any orders signed outside the court's plenary jurisdiction are void." *Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—Dallas 2006, no pet.). We have no jurisdiction to consider the merits of an appeal from a void order. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per

6

curiam). When a party appeals a void order, we must declare the order void and dismiss the appeal for want of jurisdiction. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam).

## B.  Analysis

The trial court's December 4, 2020 clarification order was a final appealable order. *See Reynolds*, 860 S.W.2d at 570. Absent a timely filed motion, the trial court's plenary power over that order expired on January 4, 2021.[5] *See* TEX. R. CIV. P. 329b(d). Elisa did not file her motion for new hearing until January 13, 2021. Elisa's motion states that it was timely filed because she was not served with a copy of the judgment within twenty days of its signing. However, Elisa failed to comply with the requirements of the Texas Rule of Civil Procedure 306a for establishing the date notice was received.

> If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by . . . this rule nor acquired actual knowledge of the order, then with respect to that party all the periods . . . shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

TEX. R. CIV. P. 306a(4). To trigger rule 306a(4)'s application, Elisa was required "to prove in the trial court, on sworn motion and notice, the date on which [she] or [her] attorney either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." *Id.* R. 306a(5). "Compliance with Rule 306a is a jurisdictional prerequisite." *Korczynski v. Cowboy Up*

---

[5] The thirtieth day is January 3, 2021, which was a Sunday. *See* TEX. R. CIV. P. 4.

7

*Ranch Furniture, LLC*, 651 S.W.3d 602, 605 (Tex. App.—Waco 2022, no pet.).

> The sworn motion establishes a *prima facie* case that the party lacked timely notice and invokes the trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or his counsel first received notice of the judgment or acquired knowledge of its signing.

*Id.* "Unless the movant in the sworn motion makes a prima facie showing . . . , the trial court's plenary power is not reinvoked and the trial court is without jurisdiction to conduct a hearing under rule 306a(5)." *Jarrell v. Bergdorf*, 580 S.W.3d 463, 468 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

Elisa's motion for new hearing is not sworn, and it does not identify the date that she received notice. Thus, she did not make a prima facie case reinvoking the trial court's plenary power. *See id.*; *see also In re J.S.*, 392 S.W.3d 334, 338 (Tex. App.—El Paso 2013, no pet.) (holding that the sworn motion under rule 306a(5) must show lack of notice or actual knowledge within twenty days as to both the party and the party's counsel to make a prima facie showing of lack of timely notice under rule 306a(4)). Even assuming Elisa invoked the trial court's jurisdiction to conduct a rule 306a(5) hearing, Elisa never attempted to prove the notice date, nor did she request the trial court to make a finding in this regard. *See Jarrell*, 580 S.W.3d at 468 ("[E]ven if the [appellants'] sworn motion had been sufficient to re-invoke the trial court's jurisdiction, they still would have had the burden of proving at the . . . hearing the date upon which they or their counsel first either received notice of the dismissal order or acquired actual knowledge of its signing."). Therefore, the trial court's plenary power was not extended beyond January 4, 2021. *See* TEX. R. CIV. P. 329b(d). Accordingly, we conclude that the trial court was without

jurisdiction to issue the May 6, 2021 order.[6] *See Cisneros*, 662 S.W.3d at 605; *Marriage of Thompson*, 578 S.W.3d 152, 153 (Tex. App.—Texarkana 2019, no pet.) (mem. op.) (concluding that the trial court did not have jurisdiction to enter a second clarification order on the same motion because its plenary power over its first clarification order expired).

We grant Peter's first issue. As this issue is dispositive, we need not reach Peter's remaining issues. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

### III. CONCLUSION

We declare the trial court's May 6, 2021 order void, vacate the order, and dismiss the case. *See id.* R. 43.2(e).

L. ARON PEÑA
Justice

Delivered and filed on the
8th day of June, 2023.

---

[6] While Elisa is correct that a trial court "generally retains continuing subject-matter jurisdiction to clarify and to enforce the decree's property division," *see Gainous v. Gainous*, 219 S.W.3d 97, 106 (Tex. App.—Houston [1st Dist.] 2006, pet. denied), she cites no authority for her contention that a trial court retains jurisdiction indefinitely to set aside a final appealable clarification order.